A. C. Brown and another *vs.* St. Paul, Minneapolis & Manitoba
Railway Company.

December 21, 1886.

Services under Contract for Annual Pass—Recovery on Quantum Mer-
uit.—The plaintiffs having performed services for the defendant under
a special agreement that they should receive therefor an annual pass over
the defendant's road, and the defendant having then refused to give the
pass, the plaintiffs may recover upon the *quantum meruit* for their serv-
ices; the value of such a pass being deemed to be impossible of proof
or of estimation as a measure of damages.

Action to recover $500, as the reasonable value of professional
services of the plaintiffs as attorneys-at-law.  Defence, *(inter alia,)*
that what services were performed were rendered under a special con-
tract by which the defendant agreed to furnish each of the plaintiffs
an annual pass over that part of its line between Willmar and Fergus
Falls, and that the services were worth no more than such passes,
and that the passes were furnished.   Reply, that the passes were to be
over all of defendant's lines, and not merely between the points
named in the answer.   At the trial, in the district court for Otter
Tail county, before *Baxter*, J., the plaintiffs introduced, against de_
fendant's objection and exception, evidence of the services rendered
and their value, and had a verdict for $250.   A new trial was re-
fused, and the defendant appealed.

*R. B. Galusha* and *J. W. Mason*, for appellant.

*Clapp, Woodard & Cowie*, for respondents.

Dickinson, J.   All of the assignments of error involve the ques-
tion of the right of the plaintiffs to recover the value of their services
in an action upon the *quantum meruit*, it appearing by the reply and
from the evidence that the contract specially provided that, as com-
pensation therefor, the plaintiffs were to receive from the defendant
an annual pass over its road.   The same considerations bear upon
the question of pleading and of the measure of damages.   The ma-
jority of the court determine the cause upon the following consider-
ations :   It is not to be denied that, in general, the rights of contract-

ing parties are controlled and measured by the terms of their contracts; and when, by agreement, a special mode of compensation has been fixed, the measure of recovery for a refusal to deliver or to do the particular thing agreed upon, is the value of what was thus to have been received. This rule is generally available as a measure of damages for the breach of the contract, and affords just compensation by giving in place of the thing stipulated its full and ascertainable equivalent in money. But this rule has been adopted because it is a just and practical *measure* of damages. It can be of no avail when, from the very nature of the case, its application would afford no measure for a recovery. It then becomes necessary to resort to some other mode of determining the sum to be awarded for the breach complained of. *France* v. *Gaudet*, L. R. 6 Q. B. 199; *Hinde* v. *Liddell*, L. R. 10 Q. B. 265; *Kountz* v. *Kirkpatrick*, 72 Pa. St. 376; *McHose* v. *Fulmer*, 73 Pa. St. 365; *Masterton* v. *Mayor of Brooklyn*, 7 Hill, 61, (42 Am. Dec. 38;) Leake, Cont. 1059, 1060.

And this is considered to be the case here. The pass which the evidence went to show the plaintiffs were to have received would have been personal to them,—in substance, a personal right to ride free over the defendant's road for a year, whenever they wished to do so, whether for business or pleasure. Such a privilege is not a thing of commerce, and has no market value, nor, in the opinion of the majority of the court, any definitely ascertainable value or worth. But as this was the agreed recompense for the services to be rendered, and it being, from the nature of the case, impossible to measure the value of the pass, it is not unjust towards the defendant, if it has refused to make the recompense agreed upon, to treat that, as the contracting parties may be deemed to have done, as the equivalent in value of the services, and measure the recovery for the breach of the contract by the value of the services. In this view of the case, while technically the action should be upon the special contract, yet, as the recovery is in effect allowed upon the *quantum meruit*, no prejudice can have resulted from the form of the complaint, and the order refusing a new trial should be affirmed.

I concur in this result, but do not think that we are justified in saying that the value or worth of the pass was not susceptible of proof.

The year during which the plaintiffs were to have enjoyed the benefits of the pass having already expired when the action was commenced, I think that it should be assumed that the circumstances going to show the usefulness and value of the stipulated privilege might have been presented to the jury, so that they could have made an intelligent estimate of the injury which plaintiffs had suffered from the refusal to give the pass. See *Erie & Pittsburgh R. Co.* v. *Douthet*, 88 Pa. St. 243. I would place the decision upon the proposition, which is not to be taken as adopted by the court, that the defendant having wholly refused to perform the alleged contract on its part, (not being a stipulation for the payment of money,) and the plaintiffs having performed on their part, but having received nothing in return, the defendant cannot hold the plaintiffs bound by the contract, or object if they also disregard its stipulations; that they have, under such circumstances, an election either to stand upon the special contract and recover for its breach, or to treat it as rescinded, and recover the value of their services as if the special contract had not been made. *Keys* v. *Harwood*, 2 C. B. 905; *Drew* v. *Claggett*, 39 N. H. 431; *Lawrence* v. *Taylor*, 5 Hill, 107, 114, 115; *Graves* v. *White*, 87 N. Y. 463; 2 Chit. Cont. 1091; 2 Pars. Cont. 812, (*678.) In such case the commencement of this action to recover the value of the services would be a sufficient indication of the plaintiffs' election. *Lawrence* v. *Taylor*, *supra*; *Graves* v. *White*, *supra*; *Graham* v. *Holloway*, 44 Ill. 385.

Mr. Justice Berry is of the opinion that our decision may well be placed upon either of the two grounds stated.

Order affirmed.