## Louisville & Nashville Railroad Company v. Crowe.

(Decided November 20, 1913).

### Appeal from Allen Circuit Court.

Railroads—Deeds—Right of Way—Contracts—Issuance of Pass—Performance Rendered Impossible by Subseguent Enactment of Law. —Where a conveyance of land for right of way purposes is made to a railroad company in consideration of an annual interstate pass for and during the life of the grantor, further issual of which pass hs become unlawful by reason of the Act of Congress known as the Hepburn Bill as construed by the Supreme Court of the United States in the Motley case, damages will be allowed for the right of way so taken and retained.

BENJAMIN D. WARFIELD, HENRY L. STONE and GOAD & OLIVER for appellant.

GILLIAM & GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellee sued appellant in the Allen Circuit Court alleging that in consideration of the Chesapeake & Nashville Railroad Company, its successors and assigns, agreeing to issue to him an annual pass during his natural life, good between Scottsville, Kentucky and Gallatin, Tennessee; he had on April 2, 1898, conveyed to it for a right of way, a strip of land through his farm, one hundred feet in width and one thousand yards in length; that thereafter defendant, Louisville & Nashville Railroad Company, had purchased the said Chesapeake & Nashville Railroad Company, and was operating its

line of railway over said right of way; that said Chesapeake & Nashville Railroad Company, in compliance with said agreement contained in said deed, had each year during the time it owned and operated said railroad, issued to him the annual pass therein agreed to be issued, good between the points above mentioned; and defendant, Louisville & Nashville Railroad Company, since January 18, 1907, had likewise during each year it had owned said railroad issued such pass to him, up and until 1911, at which time defendant recalled a pass which it had issued to him for that year, and refused to issue another, good between said points. The plaintiff (appellee here) sought specific performance of the contract if the same could be had; and if not, then he prayed for damages in the sum of five hundred dollars.

The defendant filed a demurrer to the petition, and same was overruled, the court below holding that the case of L. & N. R. R. Co. v. Mottley, 219 U. S., 467, decided February 20, 1911, was conclusive upon the question of the duty of the railroad company to withhold the annual pass, under the Act of Congress entitled "An Act to regulate commerce," approved February 4, 1887, as amended by the Act approved June 29, 1906, known as the Hepburn Bill; but further holding that the petition stated sufficient grounds for the recovery of damages in lieu of specific performance. The defendant, relying on said Act of Congress, in discharge of all liability upon its part, alleged that it had tendered to plaintiff and was still willing to issue to him an annual pass over its road from Scottsville, Kentucky to the Tennessee line.

The action was brought in equity. The defendant failed to take any proof; and the case was tried by the court upon the pleadings and the depositions taken by plaintiff, the court rendered judgment in favor of plaintiff against defendant in the sum of two hundred dollars, from which judgment this appeal is prosecuted.

The Mottley case above mentioned is conslusive upon the question of plaintiff's right to have specific performance of the contract sued on; but in that case, the Supreme Court said:

"Whether without enforcing the contract in suit, the defendants in error may, by some form of proceedings against the railroad company, recover or restore the rights they had when the railroad collision occurred, is a question not before us, and we express no opinion upon it."

This question has not heretofore been passed upon by this court. And, we have been cited to no case involving the right of one party to a contract, to recover damages for the thing taken and retained by the other party, where such other party has been prevented from performing his part of the contract by the enactment of a law, subsequent to the execution of the contract, making the continuance of said contract unlawful, where the contract in question was lawful when it was entered into. Nor have we been able to find any authority on this subject except the case of Cowley v. Northern Pacific Ry. Co., decided by the Supreme Court of the State of Washington, May 27, 1912, 123 Pac Rep., 998, which is almost identical with the one at bar, and which denies the right of recovery of damages on such contracts as this. However, we do not feel bound by that decision.

Appellant cites a number of authorities holding that, to the general rule, that a party to a contract is not discharged by subsequent impossibility of performance; there is the exception, that where the performance becomes impossible by law, either by reason of a change in the law, or by some action by or under the authority of government, the promisor is excused. But these authorities merely hold that it is a general rule of law that where a contract is lawful when made, and a subsequent enactment renders performance of it unlawful, neither party shall be prejudiced, and the contract is at an end. They do not hold that one party can take the property of another under a promise to pay for it, and still hold it, and not pay for it, if by reason of an enactment of law after the contract is made, such party is prohibited from making payment in the article he contracted to pay with. And if those cases did so hold, we would be inclined to disagree with them. The party obtaining the property in this way should be required to restore it, or to pay for it upon equitable terms.

Here, appellee in good faith, conveyed and delivered up the possession of his land, in consideration of the promise of his vendee to pay for same in a particular thing, an annual pass. This was in effect a contract to pay appellee the purchase price of his land in annual installments, during the remainder of his life, instead of in one lump sum at the time of the execution of the deed; and, to pay said purchase price of his land in transportation over the said line of railroad, rather than in cash, or other medium of exchange. This consideration has not been fully paid. The medium of payment in said

deed provided for and agreed upon is no longer of permissible use, by reason of the Act of Congress above mentioned as construed by the Supreme Court of the United States in the Mottley case; but, rather than do the appellee the injustice of declaring a forfeiture of the unfulfilled contract by a release and discharge of appellant from all liability thereunder, some other medium of payment should in good conscience be substituted for the medium which is no longer available; or, appellee should recover or be restored to the rights he had when the said deed was executed by him.

In this case, it would not be equitable to restore to appellee the land taken and retained; nor could this now be done, the rights of the public having intervened. The equitable way to adjust the matter is to require appellant to pay to appellee, a reasonable sum, based, not on the probable value of what he would have received thereunder for the remainder of his life, nor upon a breach of the contract; but for the right of way so taken and necessarily retained; taking into consideration, of course, what appellee has already received under the contract.

From the evidence in this case, we think the lower court did this, and the judgment is, therefore, affirmed.