## CHARLESTON.

WILLIAM BELL v. KANAWHA TRACTION & ELECTRIC CO.

Submitted February 4, 1919.    Decided March 25, 1919.

1. CONTRACTS—*Excuse for Nonperformance—Statute.*

     Where a contract is lawful at the time it is entered into, but before it has been fully executed its further performance is rendered impossible by a valid legislative act, or by some other supervening cause over which the parties have no control, they will be excused from its further performance.    (p. 651).

2. SAME—*Excuse for Nonperformance—Damages.*

     In such case neither party may recover the consequential damages which result to him by reason of the failure of performance upon the part of the other.    (p. 651).

3. SAME—*Excused Performance—Recovery of Consideration.*

     But in such case where one party has paid the full consideration for the contract, in accordance with its terms, and the other party has not performed, or has only partially performed the party so performing will be entitled to recover back the consideration paid by him, or its value, in *toto* or *pro tanto,* as the failure to perform by the other party is total or only partial.    (p. 642).

Error to Circuit Court, Wood County.

Suit by William Bell against the Kanawha Traction & Electric Company.    Demurrer to plaintiff's declaration sustained, and he brings error.

     *Reversed, demurrer overruled, case remanded.*

*C. M. Hanna, R. E. Bills* and *Reese Blizzard,* for plaintiff in error.

*Van Winkle & Ambler,* for defendant in error.

RITZ, JUDGE:

This writ of error is prosecuted to review a judgment of the circuit court of Wood county sustaining a demurrer to the plaintiff's declaration.

In the year 1901 the defendant secured from the plaintiff a right-of-way for its car track through a certain tract of land owned by him in the county of Wood, the sole consid-

eration therefor being that the defendant, when its road was constructed, would furnish to the plaintiff free transportation thereover for himself and his family. In accordance with the agrement, such free transportation was furnished until the year 1906 when the Congress of the United States, by the passage of the Hepburn Act, made it impossible for the defendant to comply with its contract. The agreement was, however, modified at that time so as to provide for the furnishing of such transportation only within the State of West Virginia, and as modified was performed by the defendant until the year 1913, when the Legislature of West Virginia, by an act, made it unlawful for the defendant to further perform the contract even to that extent. This suit was thereafter brought to recover the value of the consideration given by the plaintiff for such free transportation to the extent that the same had not already been furnished.

The substantial question involved is whether the declaration presents a cause of action. It is not contended that the contract in its inception was not entirely legal and proper, such a contract as the parties had a right to make, and enforceable as the law then stood.

It is very well settled that where the further performance of a contract, legal at the time it was made, is rendered unlawful by a subsequent act of Congress or of the Legislature of the state, the parties will be excused from further performance. Elliott on Contracts, §§ 685, 1901; 13 Cor. Jur., 646; 6 R. C. L., 366; *Railroad Co.* v. *Mottley,* 219 U. S. 467; *American Mercantile Exchange* v. *Blunt,* 10 L. R. A. (N. S.) 414; *Dorr* v. *Railway Co.,* 78 W. Va. 150; *Baily* v. *DeCrespigny,* L. R. 4 Q. B. 180; *Scovill* v. *McMahon,* 62 Conn. 378, 21 L. R. A., 58. Nor can it be doubted that the inhibitions of the Hepburn Act are such as to prevent the legal performance by the railway company of this contract. A common carrier by that act is prohibited from receiving such compensation for transportation furnished by it. *Railroad Co.* v. *Mottley,* 219 U. S. 467; *Dorr* v. *Ry. Co.,* 78 W. Va. 150. For this reason specific performance of the contract cannot be compelled, and as was held in the case of

*Dorr* v. *Railway Co., supra,* rescission cannot be had for the very obvious reasons that the railway company has partially performed the same, and further, the right-of-way thus secured has been dedicated to the public use and cannot be withdrawn therefrom in the interest of a private individual.

It is also very well settled that no action will lie to recover any consequential damages which may result from the failure to perform a contract, the performance of which is forbidden by law, or prevented by some uncontrollable supervening cause. *Butterfield* v. *Byron,* 153 Mass. 517, and many authorities there cited. But these conclusions do not answer the question involved here. The plaintiff does not seek specific performance, but on the contrary admits that he cannot have it. He does not seek the cancellation or rescission of the contract, nor does he seek to recover any consequential damages for its non performance. The whole theory upon which the case proceeds is the recovery of that part of the consideration received by the defendant for which it has not made compensation. It is quite true that the defendant is excused from the further performance of the contract, and that no action can be maintained thereon for its breach, for its rescission, or for its specific execution, but does this mean that one of the parties who has received full performance from the other can retain that full performance? Many authorities are cited in argument, but few of them answer the specific inquiry. Most of them simply hold that specific execution will not be decreed, or that no action can be maintained for consequential damages for the breach of the contract, or that the party who has not performed is excused therefrom.

The exact question presented here seems not to have been passed upon by the courts of last resort of many of the American states. It was before the Supreme Court of the State of Kentucky in the case of *Louisville & Nashville Railroad Co.* v. *Crowe,* 156 Ky. 27, 49 L. R. A. (N. S.), 848, 160 S. W. 759. Crowe had granted to the railroad company a strip of land for a right-of-way in consideration that the railroad company would issue to him free transportation

over its lines during his life.   The railroad company re-
fused to issue the transportation for the reason that it was
forbidden to do so by the provisions of the Hepburn Act.
It was then sued to recover compensation for the considera-
tion given it, just as was done in this case, and it was con-
tended by the railroad company that not only was it excused
from the further performance of its contract, but that it
had a right to keep the consideration without making any
compensation therefor.   This contention, however, was de-
nied by the court, and the railroad company held liable for
the value of the consideration received by it to the extent
that it had not already made compensation therefor.   In the
case of *Cowley* v. *Northern Pacific Railroad Co.*, 68 Wash.
558, 41 L. R. A. (N. S.) 559, 123 Pac., 998, exactly the same
question was involved, and the Supreme Court of the State
of Washington reached a contrary conclusion, holding that
the railroad company was entitled to keep the land conveyed
to it for a right-of-way without paying for it; that it was
not only excused from performing its contract, but might
keep the full consideration received by it without making
compensation.

Questions involving the rights of parties to contracts,
where performance has been rendered impossible, either by
an act of law or some other uncontrollable supervening cause,
have been considered by many of the American courts, and
while the authorities may not be entirely uniform, we think
the doctrine to be deduced therefrom is that where a con-
tract, lawful when made, is rendered impossible of perform-
ance from some cause beyond the control of the parties,
neither party can be required to further perform, but where
one party has paid the full consideration, and in many of
the cases where he has furnished only part of the considera-
tion agreed upon, the other party will be compelled to re-
turn so much thereof as he has not rendered compensation
for.   In 3 Elliott on Contracts, § 1902, it is held that: "Al-
though by the terms of a contract for work and labor the
full price is not to be paid until the work is completed, if
a complete performance becomes impossible by act of the
law, the contractor may recover for the work actually done

at the full price agreed on.'' Now if the doctrine of the Washington court, in the case above referred to, is correct, there could be no such recovery as is indicated by this authority. The doctrine of that case is that whenever by an act of the law the performance of the contract is rendered impossible, each .party keeps whatever he was fortunate enough to get. The doctrine of the text above quoted is approved in 6 R. C. L., p. 981, § 350 under the title ''Contracts'' and seems to be well supported by the authorities there cited. In 13 Cor. Jur., at page 644, it is said: ''One who has contracted to do a particular thing and has received payment therefor, cannot retain the payment made to him in advance for his work, when by reason of an unavoidable accident he is excused from the performance of his contract.'' What difference is there in principle whether the excuse for nonperformance is an unavoidable accident or 'an Act of Congress making further performance unlawful? So in the case of *Jones-Gray Construction Co.* v. *Stephens,* 167 Ky. 765, it is held that a party who has received in advance payment for work to be performed by him upon the barn of another, which is destroyed before performance of the contract by an accident for which neither is responsible, is liable to the party having made the payment for the repayment of the unearned consideration. In *Jones & Jones* v. *Judd,* 4 N. Y. 411, it was held that where by the terms of a contract for work and labor the full price is not to be paid until the work is completed, and complete performance becomes impossible by act of the law, the contractor may recover for the work actually done at the full price agreed on. It is a little difficult for us .to understand why a party who has furnished only part of the consideration would be allowed to recover to the extent that he has furnished it when further performance is prevented by the law, but would not be allowed to recover when he has furnished the whole consideration for the contract to the extent that he has not received compensation. In the case of *Heine* v. *Myer,* 61 N. Y. 171, it was held that where the prosecution of work in the alteration of a building is forbidden by an officer having authority to do so, and a contractor is thus prevented from performing his contract, he is discharged

therefrom, but is entitled to recover for the work done. A very instructive case dealing with this question is that of *Butterfield* v. *Byron,* 153 Mass. 517. In that case both the English and American authorities are cited and reviewed by the court, and the conclusion is reached that where the full performance of a contract is rendered impossible by an act of God, neither party can recover damages for nonperformance of the contract, but either might recover from the other, in that case the landowner for what he had paid in excess of the value of the work done, or the builder for what he had done in excess of the amount he had been paid. Another case which is quite instructive is that of *Thomas* v. *Hartshorne,* 45 N. J. Eq. 215, 3 L. R. A. 381. In that case Thomas entered into an agreement with the Secretary of the Treasury by which he was given permission to make explorations in New York harbor with a view to recovering certain sunken treasure. Hartshorne under an agreement with Thomas furnished certain money to be used for the purpose of prosecuting the work of recovering the treasure. Before the purpose was accomplished, and before all of the money so furnished was spent in the work, the license under which Thomas was acting was revoked by the Secretary of the Treasury, and it was held that Hartshorne was entitled to recover back from Thomas so much of the money as had not been spent in the prosecution of the work; that Thomas was relieved from further prosecuting his contract; that he would not be liable in damages for failure in that regard, but that he could not keep the money furnished to him which he had not used. Other authorities might be cited to support this view, but we think these are quite sufficient to establish the proposition that where a contract is entered into, perfectly lawful at the time, and performance thereof is subsequently prevented, either by a change in the law, or by any other uncontrollable supervening cause, the parties will be excused from performance, but if one of the parties has received full consideration from the other who has not fully executed the contract on his part, he will not be allowed to keep the same. This would be unconsionable and inequitable. To allow the defendant in this case to retain the plaintiff's property would be admit-

tedly unjust and inequitable. It would be receiving what the declaration alleges is a very valuable strip of land without paying therefor what it agreed to pay. We are of the opinion that the declaration states a cause of action, and that the plaintiff in this case is entitled to recover the value of the consideration delivered by him to the defendant, to the extent that he has not received compensation by the performance of this contract on the part of the defendant.

Some criticism is made of the declaration because the pleader styles the action one of trespass on the case, when if he has any right to recover it must be an implied assumpsit. The declaration fully sets out all of the facts as we have stated them, and it is made very clear therefrom the theory upon which the plaintiff seeks to recover. Language is used which ordinarily is used in a declaration filed in an action of trespass on the case, but this matter may be treated as surplusage; it is nonessential. The defendant is fully informed of the cause of action against him, and because the pleader improperly styles it an action of trespass on the case we will not hold it bad. Though inartistically drawn it is sufficient in form to fully advise the defendant of the ground upon which recovery is sought. *Kennaird* v. *Jones,* 9 Gratt. 183; *Gray* v. *Kemp,* 88 Va. 201; *Grass* v. *Development Co.,* 75 W. Va. 719.

Our order will reverse the judgment of the circuit court of Wood county, overrule the demurrer to the declaration and remand the cause.

*Reversed, demurrer overruled, case remanded.*