## JOHN R. MASCALL v. WILLIAM A. REITMEIER.[1]

### February 27, 1920.

### No. 21,620.

**Dismissal of appeal.**

1. An appeal will not be dismissed because it was taken from an order denying an alternative motion for the amendment of conclusions of law or for a new trial.

**Appeal and error — inconsistent findings of fact — partial record.**

2. Where there is no settled case and only the pleadings and findings are before this court, a specific finding of fact cannot be overturned because it appears to be inconsistent with another finding.

**Working out road taxes — cropper's liability to owner upon change of statute.**

3. A cropper's contract provided that the occupant of a farm should work out the road taxes assessed against the land during the term of the contract. Under the statute in effect when the contract was made, it was optional with a taxpayer to discharge his road taxes in labor or in money, the allowance for a day's labor being fixed by the statute at one dollar and fifty cents. Thereafter the statute was amended and all road taxes were required to be paid in money. The occupant of the land was denied permission to work out the road taxes on account of this change in the law and the owner was compelled to pay them. *Held*:

(a) That the change in the law did not relieve the occupant from the obligation of the contract with reference to the taxes.

(b) That the essential purpose of the contract might still be ac-

[1]Reported in 176 N. W. 486.

complished by the occupant's payment of the taxes, though literal and precise performance had been rendered impossible by the change in the law.

(c) That, though it might be more burdensome to discharge the taxes in money instead of in labor, that of itself would not be enough to relieve the occupant from the obligation of his contract.

(d) That where no provision as to the event of impossibility is found in a contract containing an absolute promise, the promisor remains responsible for damages notwithstanding the supervening impossibility of performance.

**Action for breach of contract — damages.**

4. The appropriate remedy, available to the owner for the occupant's failure to discharge the taxes, was an action on the contract for damages for the breach thereof, the measure of damages being compensation for the loss sustained by the owner by reason of the occupant's failure to discharge the taxes.

Action in the district court for Polk county to recover damages for breach of cropping contract. The answer interposed counterclaims amounting to $601. The case was tried before Watts, J., and a jury assessed the damages of plaintiff at $60.30 and assessed the damages of defendant upon his counterclaims at $45.29. The court made findings adopting these figures and ordered judgment in favor of plaintiff. From an order denying his motion for amended conclusions and order for judgment, or for a new trial, defendant appealed. Affirmed.

*W. E. Rowe,* for appellant.

*Ole J. Vaule* and *William P. Murphy,* for respondent.

LEES, C.

This is an action for damages for breach of a cropper's contract, brought by the owner of the farm against the occupant. From an order denying a new trial, after findings in plaintiff's favor, defendant appeals.

The contract was executed in May, 1912. It provided that defendant should have possession of and till the farm from November 15, 1912, to September 30, 1917, and that there should be an annual division of crops. In preparing it, a blank form was used. In the printed portion, and also in writing, there was a clause, requiring the defendant to work out the road taxes assessed against the land.

In each of the years 1914, 1915, 1916 and 1917, the road tax was returned unpaid and included with the general taxes, for the reason that defendant failed to work it out as stipulated. Having paid these taxes, plaintiff requested defendant to reimburse him, and, upon his refusal to do so, brought this action to recover the aggregate of the amounts so paid and for other relief not requiring our consideration. Defendant was ready, able and willing to work out the road tax each year and applied to the town authorities for permission to do so. This was refused and he was informed that the tax would have to be paid in money.

Section 40, c. 235, p. 310, Laws 1913, in part reads as follows:

"All road taxes hereafter levied shall be paid in cash and hereafter no highway labor shall be assessed."

It was enacted April 15, 1913. Prior thereto, the statute read as follows:

"All real and personal property in the town liable to taxation shall be assessed for road purposes to such amount, payable in labor at the option of the taxpayer, as the board deems necessary, not exceeding one dollar on each one hundred dollars assessed value." Section 1226, R. L. 1905.

"Each able-bodied man shall be allowed for labor one dollar and fifty cents per day, and the like amount for the use of a team and a wagon, plow, or scraper." Section 1228, R. L. 1905.

Defendant's principal contention is that he was required to discharge the road taxes in labor only, that the subsequent change in the law made it impossible for him to do so, and hence plaintiff cannot recover. Preliminary to the consideration of this question, we dispose of two minor questions presented.

1. Plaintiff moves for a dismissal of the appeal, because it was taken from an order denying an alternative motion for an amendment of the conclusions of law and order for judgment, or for a new trial. The motion must be denied on the authority of City of Minneapolis v. Minneapolis St. Ry. Co. 115 Minn. 514, 133 N. W. 80.

2. Defendant insists that, in any event, it must be held that plaintiff was awarded a greater sum than is recoverable, because the court included the road taxes assessed in 1917. It is said that plaintiff did not

pay these taxes until after he brought this action. There is no settled case. Only the pleadings and findings are before us. While it is found that the road taxes became payable on the first Monday in January of the year following the year in which they were assessed, it is further found that plaintiff paid the taxes for each year before the commencement of this action. We must assume that by stipulation or evidence the latter finding was made proper, and we cannot overturn it merely because it appears to be inconsistent with the one preceding it.

3. The principal question involved has been much debated. An attempt to analyze and review the authorities would extend this opinion to unreasonable limits.

Defendant relies on the principle that one prevented by law from performing his engagement is relieved from the obligation thereof. The cases assembled in the note to Runyan v. Culver, L.R.A. 1916F, 21, are cited in its support. If it controls the present case, defendant will have enjoyed the use of plaintiff's farm for four years, absolved from the obligation to perform part of the labor which was the consideration for such use.

Courts are not inclined to permit a legal rule to be pushed to the point where it accomplishes injustice, unless the rule is absolute and the case clearly falls within its scope. It was remarked in Louisville & N. Ry. Co. v. Crowe, 156 Ky. 27, 160 S. W. 759, 49 L.R.A. (N.S.) 848, that it ought not to be the law that one party to a contract can take or use the property of another under a promise to pay for it, and continue to hold and enjoy it and not pay for it, if, by reason of an enactment of law, after the contract is made, he is prohibited from making payment in the article he contracted to pay with. The essential injustice of the application of the rule is recognized by defendant, for, in the brief submitted in his behalf, it is not denied that plaintiff should have some remedy. The contention is that he is not entitled to damages for breach of contract because defendant did not promise to pay the taxes in money, but in labor, and that to compel him to reimburse plaintiff is virtually making a new contract between the parties.

This is not a case where the contract was wholly executory when the law was changed, for at that time defendant was in the possession of the farm. He has continued to enjoy its use and has received all the ben-

efits of the contract for the full term thereof. He ought not to be allowed to burden the plaintiff with the payment of the taxes when both intended that defendant should discharge them. The question whether a party to a contract may, without payment of damages, retain a consideration which he has received for performance of an act that he is rendered unable to perform without his fault by a fortuitous event, or the passage of a statute making performance illegal, should not be confounded with the question whether, the contract being wholly executory, nonperformance is excused and the contract terminated because of intervening impossibility. See note to Runyan v. Culver, supra, L.R.A. 1916F, 67.

Strictly speaking, no contract is discharged by reason of impossibility of performance, though the law frequently reads into it an implied condition to excuse the contractor from his obligation under the particular circumstances which make performance impossible. Board of Education v. Townsend, 63 Oh. St. 514, 52 L.R.A. 868; Woodward, Quasi Contr. § 109.

If the essential purpose of a contract may be accomplished, nonperformance will not be excused, though a literal and precise performance has been rendered impossible. 7 Am. & Eng. Enc. (2d ed.) 148; 13 C. J. Contracts, § 717; Board of Education v. Townsend, supra. One of the essential purposes of this contract was the discharge of the road taxes by defendant, in order that plaintiff should not be compelled to pay them either in money or in labor. It became impossible to discharge them by doing road work, but they could be discharged by substituting the payment of money for the performance of labor. The sum required to pay them under the statute in effect when the contract was executed, is the equivalent of the labor required to discharge them. It may be more burdensome to pay in money instead of in labor, but that, of itself, would not be enough to relieve defendant from his obligation. Stees v. Leonard, 20 Minn. 448 (494); Paine v. Sherwood, 21 Minn. 225.

We conclude that defendant was not released from the obligation to discharge the road taxes by the change in the law.

What was plaintiff's remedy is the next question to be considered.

Where defendant has been prevented from performing his agreement by reason of the occurrence of an unforeseen event, such as there was here,

and the plaintiff has performed his part of the agreement, he may maintain an action based on the quasi contractual obligation which arose, without reference to the assent of the defendant, from his receipt of benefits which he may not justly retain without making compensation for them. Keener, Quasi Contr. p. 292; Woodward, Quasi Contr. § 3; L. & N. Ry. Co. v. Crowe, supra. The principle is also applicable to cases where one has paid money to the use of another to satisfy a claim which the latter should have paid. Keener, Quasi Contr. p. 396. See also the discussion on quasi contractual rights in Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443, and in Heywood v. Northern Assurance Co. 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D, 241. Apparently the principle will not be extended so as to include cases where the contract is not severable and the consideration cannot be apportioned to the separate items of defendant's agreement—Stauff v. Bingenheimer, 94 Minn. 309, 102 N. W. 694; Keener, Quasi Contr. p. 296—although there have been vigorous criticisms of this conclusion. Keener, Quasi Contr. p. 306; Woodward, Quasi Contr. § 130.

The courts will construe a contract as severable rather than entire whenever they can consistently do so. McGrath v. Cannon, 55 Minn. 457, 57 N. W. 150. But it is impossible so to construe the contract here involved. We think, however, that under the authorities hereafter cited plaintiff had the right, at his election, to sue for damages for defendant's failure to perform his express contract, and was not limited to a recovery on the quasi contractual obligation which may have existed. There is no difficulty in estimating the damages such as the court encountered in Brown v. St. Paul, M. & M. Ry. Co. 36 Minn. 236, 31 N. W. 941. But for such difficulty, it would seem, from the language used in the opinion in that case, that an action for damages would have been held an appropriate remedy. Here, if plaintiff is entitled to damages, he should be placed, so far as money can do it, in the same situation as if the contract had been performed. Paine v. Sherwood, supra; Carli v. Seymour, Sabin & Co. 26 Minn. 276, 3 N. W. 348; Baessetti v. Shenango Co. 122 Minn. 335, 142 N. W. 322. His loss is the amount he was compelled to pay to discharge the road taxes. If the action had been one to enforce a quasi contractual obligation, the recovery might have been more or less than that amount. Is this a sufficient reason for denying a recovery of

damages? We think not, and that plaintiff had a right of action on the contract for damages under the rule sustained by many authorities, which in substance is as follows:

Where no express or implied provision as to the event of impossibility can be found in the terms or circumstances of a contract containing an absolute and unqualified promise, and the contract is no longer wholly executory, the promisor remains responsible for damages, notwithstanding the supervening impossibility of performance, and although the happening of the event which renders strict performance impossible was not foreseen by or within the control of either party.

3 Elliott, Contr. § 1891; 2 Parsons, Contr. p. 825 (9th ed.); 3 Page, Contr. § 1363; Leake, Contr. 494 (6th ed.); Pollock, Contr. 431 (8th ed.); 13 C. J. p. 639; Cowley v. Davidson, 13 Minn. 86 (92); First Nat. Bank v. McConnell, 103 Minn. 340, 114 N. W. 1129, 14 L.R.A. (N.S.) 616, 123 Am. St. 336, 14 Ann. Cas. 396; School District v. Dauchy, 25 Conn. 530, 68 Am. Dec. 371; Supt. of Schools v. Bennett, 27 N. J. Law, 513, 72 Am. Dec. 373; Middlesex Water Co. v. Knappmann Whiting Co. 64 N. J. Law, 240, 45 Atl. 692, 49 L.R.A. 572, 81 Am. St. 467; Switzer v. Pinconning Mfg. Co. 59 Mich. 488, 26 N. W. 762. The rule has its foundation in good sense and common honesty, for when one of two innocent persons must sustain a loss because literal performance of a contract has become impossible, the law properly leaves it where the agreement of the parties has put it. Supt. of Schools v. Bennett, supra; Dermott v. Jones, 2 Wall. 1, 17 L. ed. 762.

Our conclusions are: (1) That defendant was not released from the obligation of his contract by reason of the amendment of the statute. (2) That the essential purpose of the provision of the contract under consideration could be accomplished notwithstanding the change in the law. (3) That defendant is liable to plaintiff in an action on the contract for damages, the measure thereof being the amount which plaintiff was compelled to pay to discharge the road taxes assessed against his land.

It follows that the case was correctly decided, and hence the order denying a new trial is affirmed.