EDNA MOE v. B. J. OYEN AND ANOTHER.[1]

November 8, 1940.

No. 32,564.

*Daly & Barnard,* for appellant.
*Kief & Kief,* for respondents.

HILTON, JUSTICE.

Dissatisfied with failure in the trial court, plaintiff appeals from a judgment entered on order of the district court dismissing the action with prejudice.

[1]Reported in 296 N. W. 512.

There is not any settled case or bill of exceptions, although testimony was introduced. The trial court made findings of fact, conclusions of law, and order for judgment. Appellant does not challenge the findings save one, paragraph XXIII.

To be kept in mind is the well established rule that where there is not a settled case or bill of exceptions the only question on appeal from the judgment is whether the findings are sufficient to sustain the judgment. State ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396; 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 344. Possible to invoke also is the rule of Mascall v. Reitmeier, 145 Minn. 214, 176 N. W. 486.

Center of the difficulty is around these facts. After several previous transactions involving this land, the trial court found that in 1898 X company issued a warranty deed to Mary J. Johnson for $1,200. She and Edward Johnson, her husband, executed a mortgage for $1,000 to Y company and another to Lycurgus R. Moyer for $200. In 1903 Y company's mortgage was satisfied. In 1900 Mary Johnson died leaving her husband and their children as survivors. On November 17, 1906, Moyer foreclosed and bought in for $261.19. On November 19, 1907, Moyer and wife conveyed the premises to Edward Johnson for $282. On November 20, 1907, Johnson and his wife, Petra, mortgaged the premises to Moyer for $1,000. In 1908 there was a satisfaction of this.

As stated in the brief, "the plaintiff brings this action to have Edward Johnson, deceased, declared to have obtained title to the quarter section of land owned by Mary J. Johnson, at the time of her death, by tort or fraud and held the said title so obtained as a trustee *ex maleficio.*"

The trial court found that the "evidence herein does not justify a finding that Edward Johnson and Petra Johnson conspired and intended to cheat and defraud the heirs of Mary J. Johnson, nor a finding of a secret and fraudulent

understanding between Edward Johnson, Petra Johnson and Lycurgus R. Moyer."

Without entering into a discussion respecting the rights and duties, there must be an affirmance. The trial court was not under a duty to find fraud as a matter of law. Since this is so, finding XXIII can stand along with the others. The trial court states in its memorandum that there is no evidence on the purpose or intention of these parties. While it was not made part of the order, still it serves to fortify our own belief that to look back at this date and say that as a matter of law there was fraud and wrongful dealing (assuming duties) is unjustified.

The utmost plaintiff can claim is that perhaps paragraph XXIII is inconsistent with some others. The rule is well established by Mascall v. Reitmeier, 145 Minn. 214, 176 N. W. 486; see 1 Dunnell, Minn. Dig. (2 ed.) § 345, p. 206, that where there is no settled case this is not a ground for relief.

Judgment affirmed.