UNITED STATES v. 1846.77 ACRES OF LAND, MORE OR LESS, IN RUSSELL AND CLINTON COUNTIES, KY. et al.
No. 309.

District Court, W. D. Kentucky.

Sept. 8, 1942.

Marvin J. Sternberg, of Jamestown, Ky., and Guy C. Shearer, of Louisville, Ky., for heirs.

Lilburn Phelps of Jamestown, Ky., for Russell County Board of Education.

MILLER, District Judge.

The Russell County Board of Education has filed a motion that judgment be entered in its behalf for the sum of $1412, being the amount paid by the United States Government for Parcel No. 2. The question presented by this motion and also by the exceptions of other claimants to the Commissioners' report dealing with Parcel No. 2 is whether the money so paid for this 1.4 acres of land should be paid to the Board of Education or to the heirs of James Warriner and Mourning Warriner, his wife.

The ruling depends upon the construction to be given to a provision in a deed executed on January 5, 1874, by James Warriner and Mourning Warriner, his wife, conveying the property in question to Aaron McClure and others. This part of the deed provides as follows: "To Have and To Hold by the parties of the second part their heirs and assigns so long as there are any of them using said lands for School purposes or Religious worship thereon. If said lands should not be used for a time for the above mentioned purposes they shall revert to the parties of the first part, provided the parties of the second part have the privilege of selling or moving the School House thereon, * * *."

The land has been used continuously for school purposes by the Russell County Board of Education until it was taken over by the Government in June 1941 under the condemnation proceedings being instituted in this action. The heirs of James and Mourning Warriner contend that the condition subsequent in the deed has not been complied with and that the property accordingly reverts to them. The Russell County Board of Education claim alleges that it would continue to use the property for school purposes except for the fact that the Government has prevented it from so doing, and that it intends to continue on other property the school heretofore conducted on the property in question, and that such a situation does not constitute a breach of the condition subsequent in the deed.

It is the fundamental rule in the construction of written instruments that the court should construe the language under consideration in accordance with the intent of the parties, which rule very often gives a different result from the one which would be reached by a strict interpretation of the specific words used. It seems to me that the intent of the grantors in the present case was to guard against a discontinuance of the school in that community and a voluntary abandonment of the school by the County Board of Education. I do not believe they had in mind or contemplated the possible acquisition of the property by the Government without the consent of the school authorities. The taking of the property in this proceeding is something which the Board of Education can not prevent; it has done nothing to breach the condition subsequent; it intends to continue to comply with the purposes of that condition insofar as it is able; it should not be penalized by reason of the acts of the United States Government in pursuance of its dominant power in the matter. It is well settled that valid provisions contained in contractual obligations can be nullified and rendered inoperative by acts of the Federal Government under its constitutional power. Louisville & N. R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A.,N.S., 671; Louisville & N. R. Co. v. Crowe, 156 Ky. 27, 160 S.W. 759, 49 L.R.A.,N.S., 848; Roxford Knitting Co. v. Moore & Tierney, 2 Cir., 265 F. 177, 11 A.L.R. 1415. The provisions of the condition subsequent are accordingly rendered inoperative by the action of the Government in seizing this land. The court does not attempt to rule as to whether or not the provisions in question will hereafter attach to land that might be purchased by the County Board of Education with the funds herein received for the purpose of continuing the school in question.

The motion of the Russell County Board of Education for the payment of the pur-

chase price to it is accordingly sustained, and the exceptions by the other claimants to the commissioners' report insofar as it deals with the title to Parcel No. 2 are overruled.