UNITED STATES of America,
Plaintiff,

v.

808.40 ACRES OF LAND, MORE OR
LESS, situate IN MENIFEE, ET AL.,
COUNTIES, COMMONWEALTH OF
KENTUCKY, etc., et al., Defendants.

Civ. A. No. 960.

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

Aug. 8, 1973.

Eugene E. Siler, Jr., U. S. Atty. and James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Lewis A. White, White & Peck, Mount Sterling, Ky., Roger A. Byron, Owingsville, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE *, District Judge.

A jury herein returned on June 22, 1973 an award of $60,000 as just compensation for the taking on March 31, 1970 of a 1.13 acre tract of land, which is described herein as tract no. 3707. The defendant Menifee County board of education moved the Court to cause all of such award to be distributed to it.

Such tract was conveyed by deed of December 31, 1938 of Raymond Wells, et ux., Katherine Wells to the defendant board. The conveyance included the following reversionary clauses:

\* \* \* \* \* \*

It is further agreed that this tract of land shall always be used by the party of the second part [the board] for school purposes only, and they further agree that they shall not use, cause to be used, or permit to be used [sic] for any commercial purpose such as store or restaurant.

It is agreed that should this property be entirely abandoned in every detail by the Menifee County Board of Education, it shall revert to the party of the first part [the grantors Mr. and Mrs. Wells]. \* \* \*

The verdict of the jury herein indicates * that the jury found that this

---

* Sitting by designation.

* The Court instructed the jury to find just compensation for the property condemned in an amount adequate to provide substitute school facilities, if the jury found from the evidence that the board had not abandoned Cold Cave school on this tract except under imminent threat of condemnation, and to base the award on the fair market value the land taken, if the jury found from the evidence that the board had abandoned such school building not under threat of condemnation. The size of the award indicates beyond peradventure that the jury found under the former instruction that this tract had not been entirely abandoned in every detail by the defendant board.

property had not been abandoned in every detail by the defendant board.

■ As the late (afterward Circuit) Judge Shackelford Miller, Jr. stated in a similar context:

 \*   \*   \*   \*   \*   \*

\* \* \* [I]t is the fundamental rule in the construction of written instruments that the court should construe the language under consideration .in accordance with the intent of the parties, which rule very often gives a different result from the one which would be reached by a strict interpretation of the words used. It seems to me that the intent of the grantors in the present case was to guard against a discontinuance of the school in that community and a voluntary abandonment of the school by the County Board of Education. I do not believe they had in mind or contemplated the possible acquisition of the property by the Government without the consent of the school authorities. The taking of the property in this proceeding is something which the Board of Education can not prevent; it has done nothing to breach the condition subsequent; it intends to continue to comply with the purposes of that condition insofar as it is able; it should not be penalized by reason of the acts of the United States Government in pursuance of its dominant power in the matter. It is well settled that valid provisions contained in contractual obligations can be nullified and rendered inoperative by acts of the Federal Government under its constitutional power. \* \* \* The provisions of the condition subsequent are accordingly rendered inoperative by the action of the Government in seizing this land. \* \* \*

United States v. 1846.77 Acres of Land, Etc., D.C.Ky. (1942), 48 F.Supp. 721, 722 [1–3]. " \* \* \* [I]f the event ripening the right of reverter is not imminent, the owner of the estate in fee simple defeasible is entitled to all the compensation. \* \* \* " United States v. 1119.15 Acres of Land, D.C.Ill. (1942), 44 F.Supp. 449, 450 [2]. It is the general law that " ' \* \* \* a right with respect to property taken in condemnation may be so remote or incapable of valuation that it will be disregarded in awarding compensation \* \* \*. Thus a possibility of reverter may be incapable of valuation where there is no present likelihood of a reverter occurring. \* \* \* [T]he right to compensation is to be determined by whether the condemnation has deprived the claimant of a valuable right rather than by whether his right can technically be called an "estate" or "interest" in the land. \* \* \* ' " Beard's Erie Basin v. People of New York, C.C.A.2d (1944), 142 F.2d 487, 489 [1, 2].

■ The Court finds from the testimony adduced upon the compensation hearing herein that the defendant board's personnel intended to continue to use the tract involved for school purposes accommodating about 90 students up until September 25, 1968, when its personnel were notified that the tract would be taken for a public purpose, and substitute facilities had to be provided in its place for future use. Indeed, even after the building was no longer used for classroom purposes, it was utilized for school storage purposes. In that situation, it can hardly be concluded that the event ripening the right of reverter was imminent at the time of taking; to the contrary, that the right of reversion was so remote and incapable of valuation that it must be disregarded in awarding compensation herein. In short, the owners of the reversionary interest have not been deprived of a valuable right.

For such reasons, it is ordered that the full amount of just compensation as to such tract no. 3707 shall be paid to the defendant Menifee County board of education and that the reversionary interest therein of Raymond Wells, et ux., Katherine Wells, and their heirs, be disregarded.