SAYRE, JUDGE:
Claimant, One-Gateway Associates, a Limited Liability Company (hereinafter “OGA”), entered into a contract (hereinafter “the Contract”) with Respondent, the West Virginia Department of Transportation, Division of Highways (hereinafter “DOH”), dated January 27,1998. OGA alleges that while it fulfilled all of its obligations under the Contract, DOH failed to perform its reciprocal obligations thereunder. OGA asserts that as a consequence it is entitled to damages in the amount of $3,705,000.00 from DOH for breach of contract. Conversely, DOH argues that it has fully performed all of its obligations under the Contract. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
U.S. Route 19 is a heavily traveled, four lane, limited access state highway running generally north and south through the middle of West Virginia.[26] As it passes through Summersville in Nicholas County, U.S. Route 19 has made it possible for a considerable amount of commercial development to take place adjacent to both its east and west sides. While there are no interchanges, there are a number of at-grade intersections affording these commercially developed properties access to U.S. Route *223 19. Traffic lights control certain of these intersections, but not all of them.
Analysis of traffic data by DOH concerning traffic volumes and accident rates, both present and projected, indicates that the U. S. Route 19 intersections in the vicinity of Summersville (whether controlled with traffic lights or not) are inadequate to serve the traveling public without some modifications, such as frontage roads. To this end, DOH has caused environmental studies to be made and preliminary engineering work to be performed.[27]
OGA was formed in 1994 to participate in the opportunities for commercial development afforded by U.S. Route 19 as it passes through Summersville. Consequently, OGA acquired a 26 acre tract (hereinafter “the OGA Site”) suitable for development. The OGA Site abuts the west side of U.S. Route 19 and extends along U.S. Route 19 from an at-grade intersection, designated “Professional Park Drive,” north to a another at-grade intersection, designated “Industrial Drive”.
When OGA purchased its 26 acre Site, it lacked access to U.S. Route 19, either via Industrial Drive or via Professional Park Drive. Accordingly, extensive negotiations took place between OGA and DOH, resulting in apreliminary agreement which afforded the OGA site ingress and egress to and from U.S. Route 19 via Industrial Drive, the northern intersection. Nevertheless, with this single access to U.S. Route 19 a significant portion of the OGA Site was developed by the leasing and construction of several businesses, including a Wal-Mart store.
OGA continued to seek ingress and egress to and from U.S. Route 19 for its Site via Professional Park Drive, the southern intersection. These negotiations culminated in the Contract at issue. For its part, DOH agreed to use its “best efforts” to acquire a small tract of land (containing 5,000 square feet) from OGA’s neighbor to the south, Retain Designs, Inc. (hereinafter “the Retail Designs Tract”) by agreement if possible or, failing that, by instituting an eminent domain proceeding in the Circuit Court of Nicholas County. After DOH obtained title to the Retail Designs Tract (by either means), a five-lane entrance, controlled by the traffic light, would then be constructed across the Retail Designs Tract, providing access from the Professional Park Drive intersection to both the OGA Site and property belonging to Retail Designs, Inc., to the south of the OGA Site.
For its part, OGA agreed to construct a frontage road across the front of its Site, extending from Industrial Drive to Professional Park Drive, at its expense but according to plans and specifications provided by DOH; and to then transfer title of the new frontage road to DOH. Further, OGA agreed to also convey to DOH the 1.76 acres of its 26 acre Site upon which it had constructed the frontage road.
As it agreed to do, OGA constructed the frontage road according to DOH’s plans and specifications. The work was accepted by DOH. The 1.76 acre tract, including the frontage road, was then transferred by OGA to DOH and is now part of the State Road System. Thus, OGA has fiilly performed its part of the contract.
The parties have stipulated that the actual cost to OGA of the frontage road and improvements was $554,000.00, and that the fair market value of the 1.76 acres on the date of its transfer to DOH was $429,000.00.
DOH also agreed to transfer a parcel of “excess” DOH right-of-way (containing 0.815 of an acre) to OGA. There was no evidence presented by either party as to the fair market value of this excess right-of-way. However, DOH’s deed *224 to this excess right-of-way specifies that it is a deed of exchange for OGA’s 1.76 acre tract. The DOH deed was delivered to OGA, which accepted it and recorded it in the Nicholas County Clerk’s Office.
Retail Designs, Inc., the owner of the 5,000 square foot tract that was the subject of the Contract, refused to voluntarily convey its tract to DOH. Accordingly, as it had agreed to do in the Contract, DOH filed a suit in the Circuit Court of Nicholas County to obtain an Order of Entry for the Retail Designs Tract, by condemnation. This action too was resisted by Retail Designs, Inc., which argued that its property was being condemned for a private purpose, i.e., to provide ingress and egress to and from the Wal-Mart store site.
The case was heard in the Circuit Court by Judge Gary Johnson, who agreed with Retail Designs, Inc., and dismissed the condemnation proceeding on the ground that DOH had authority to take private property by eminent domain only for a public purpose.
This adverse ruling was not appealed by DOH. OGA argues that DOH’s failure to appeal constitutes a breach of the provision of the Contract wherein DOH promised to exert its “best efforts” to obtain the Retail Designs Tract. Further, OGA contends that DOH also failed to exert its “best efforts” by assigning a less experienced attorney to prosecute the eminent domain proceeding in the Circuit Court.
This Court, having considered the arguments of counsel for both of the parties to this claim, is of the opinion that there is no basis for the argument that DOH did not use its “best efforts” to obtain the Retail Designs Tract and to construct the contemplated five-lane entrance to the OGA Site via Professional Park Drive.
There are many factors that must be considered before appealing an adverse ruling from a lower court. For instance, West Virginia, unlike most states (and the federal court system), does not have “appeal as a matter of right.” One must first petition to be allowed to appeal. (More often than not, the West Virginia Supreme Court of Appeals does not grant petitions to be allowed to appeal).
It cannot be said that DOH agreed to appeal “no matter what.” No evidence was presented on the question of the amount of experience possessed by the DOH attorney who handled the condemnation proceeding. Further, to argue that a more experienced attorney should have been assigned to the case would require evidence either that the attorney assigned the case was without experience or that a more experienced attorney would have obtained a result favorable to DOH (and, by extension, to OGA). And no one suggests that the attorney assigned the case failed to use his best efforts.
Specifically, Paragraph XTV of the Contract reads in part:
XIV. If neither One-Gateway Associates, a Limited Liability Company, nor West Virginia Department of Transportation, Division of Highways, can obtain the land required for construction of the frontage road on or before June 1,1998, the West Virginia Department of Transportation, Division of Highways, shall immediately initiate an eminent domain proceeding in the Circuit Court of Nicholas County, West Virginia, for the purpose of condemning the land required for construction of the frontage road in accordance with the plans for the construction of the proj ect approved by the West Virginia Department of Transportation, Division of Highways, and shall use its best efforts to obtain a right of entry so that construction of the frontage road can proceed in accordance with the construction schedule prepared by One-Gateway Associates....
(Emphasis supplied).
What did the two parties to the Contract mean when they agreed that DOH *225 “shall use its best efforts to obtain a right of entry”? This Court concludes that both of the parties believed that the phrase “best efforts” meant that DOH would obtain the necessary right of entry, even if it found it necessaiy to condemn the Retail Designs Tract. Certainly OGA did not consider the possibility that Judge Johnson might refuse to grant the Order of Entry, when it agreed to construct the frontage road.
Importantly, for the Contract to be valid, DOH had to also believe that it would obtain the right of entry.
See McGinnis v. Cayton, 173 W. Va. 102, 312 S.E.2d 765 (1984); and Meadows v. American Eagle Fire Ins. Co., 104 W. Va. 580, 140 S.E. 552 (1927).[28]
Essentially, OGA agreed to construct the frontage road for DOH and to transfer both the new road and the land under it to DOH so that it could be made a part of the State road system. The parties have stipulated that the cost to OGA of performing its part of the Contract was $983,000.00. In exchange for this major expenditure, OGA had every right to expect the agreed ingress and egress over the Retail Design Tract to and from its Site via Professional Park Drive by means of the five-lane entrance.
The Court also finds that if OGA had the agreed ingress and egress to and from its Site from both the north and south by the Professional Park Drive and the Industrial Drive intersections on U.S. Route 19, the newly constructed frontage road would serve no real purpose to OGA. Certainly the customers of its business tenants would not use the frontage road whether coming from the north or the south (or across U.S. 19 from the east).
Of course, Judge Johnson instead denied DOH its Order of Entry and dismissed its eminent domain proceeding. Judge Johnson’s decision was not appealed and is now final. As a consequence, the five-lane entrace to the OGA Site at the Professional Park Drive intersection via the Retail Designs Tract did not come into being. In other words, it is not possible for DOH to keep its part of the Contract.
See Bell v. Kanawha Tractraction & Elec. Co., 83 W. Va. 640, 98 S.E. 885 (1919) and Dorr v. Chesapeake & Ohio Ry Co., 78 W. Va. 150, 88 S.E. 666 (1916).[29]
See also Kelley v. Thompson Land Co., 112 W. Va. 454, 164 S.E. 667 (1932).[30]
The Court finds that the Contract was lawful when it was entered into but that, after OGA had fully performed the obligations it assumed upon entering into the Contract, DOH’s performance of its reciprocal obligations was rendered impossible when, first, Retail Designs, Inc., refused to sell the Retail Designs Tract to DOH and then DOH failed to obtain the right of entry from the Circuit Court of Nicholas *226 Comity.
OGA is seeking an award of the following items:
1. Its expenses in the construction of the frontage road, stipulated as being in the amount of $554,000.00;
2. The fair market value of its 1.76 acre tract, stipulated as being in the amount of $429,000.00;
3. Attorney’s fees and costs in the amount of $202,000.00; and
4. The loss of opportunity to develop the land used for the frontage road in the amount of $2,520,000.00.
As to item No. 2, the evidence was that the 1.76 acre tract was exchanged for the “excess” right-of-way conveyed by DOH to OGA. No evidence was presented as to the fair market value of this .815 of an acre. In any case, where, as here, the Court finds that there was a consideration supporting the conveyance of the 1.76 acres, the Court cannot consider the sufficiency of the consideration. Therefore, the Court has determined that there can be no award for this item.
As to item No. 3, the general rule in court actions is that each litigant bears his or her own attorney fees absent express statutory, regulatory or contractual authority.[31] Accordingly, in the absence of such express authority, this Court does not award attorneys fees. In any case, the request for attorney fees in this claim is for an entirely different case litigating a different set of facts. Since OGA obligated itself for the attorney fees in a separate action from the facts in this claim, the Court has determined that there can be no award for this item.
As to item No. 4, in the first place, the fair market value of the 1.76 acre tract utilized for the frontage road was stipulated by OGA as being $429,000.00. This, of course, is the subject of Item No. 2. As to any damages to the residue of the OGA 26 acre tract, there was no credible evidence that the value of the residue was reduced. And what evidence that was given was purely speculative. Therefore, the Court has determined that there can be no award for this item. However, as to item No. 1, in accordance with the findings of fact and the conclusions of law enumerated herein, the Court is of the opinion and does malee an award to OGA for the cost of constructing the frontage road which is now a part of the State road system. The Parties stipulated the cost of constructing that road as being in the amount of 554,000.00.
Accordingly, the Court is of the opinion to and does make an award to OGA in the amount of $554,000.00.[32]
Award of $554,000.00
The Honorable John G. Hackney Jr., former Presiding Judge, took part in the hearing and decision in this claim, but not in the written Opinion.

 It is a segment of John F. Kennedy’s “Appalachian Development Highway System.”

 Retail Designs, Inc. v Div. of Highways, 213 W. Va. 494, 583 S.E.2d 449(2003). See also the Petition for Appeal filed by DOH by the Director and Assistant Director of its Legal Division, cited by Justice Davis in her opinion.

 4A Mickies Jurisprudence Contracts §26 (2007) says, in part:
“[T]he contract must be based on a mutual agreement. The minds of the parties thereto must meet and come together on every essential element thereof... nothing is clearer than the doctrine that a contract founded in a mutual mistake of the fact constituting the very basis or essence of it will avoid it.” (Emphasis added.)

 4A Mickies Jurisprudence Contracts §67 says, in part:
“If a contract is lawful at the time it is entered into, but before it has been fully executed, its further performance is rendered impossible by a valid legislative act or by some other supervening cause over which the parties have no control, they will be excused from its further performance.

 And id. §69 says:
“If one renders beneficial services to another under a contract which is unenforceable but not illegal, he or she may recover for the benefits conferred.

 See Geary Land Co. v. Conley, 175 W. Va. 809, 338 S.E.2d410 (1985) and Nelson v. W. Va. Pub. Employees Ins. Bd., 171 W. Va. 445, 300 S.E. 2d 86 (1982).

 It should be noted that, had the Contract been VOID because the minds of the parties did not meet, under the principles of the law of Restitution with the facts of this case, the Court would have made an award in the same amount, based on the doctrine of “unjust enrichment.” See CSX Transp. Inc. v. Div. of Highways, 27 Ct. Cl. 223 (2009).