Judge Owsley
delivered the opinion of the court.
This suit was brought in chancery by Bowen, to obtain a title to a moiety of a lot of ground in the town of Henderson, the equity whereof is asserted by him through a certain William Featherston, who, it is alledged,Ipurchased it from the son and agent of Talbot. 1
The purchase of Featherston is admitted by the answer of Talbot, but the authority of his son to sell the land, is denied; and if authorised, it is contended, that; owing to his son’s infancy, and the inadequacy of the consideration *437 for which the sale was made, a specific execution of the contract ought not to be inferred.
nñly "beca' viibbte obj-cvioti todc-n^contMct for lands, by denying ¡he pji iliG answer, or pleaói.-,⅞ or ⅛c-ftute°tf t|.e answer admits the gtat ths'com-The staU' of frauds ran p5ain;;iit need adduce no ‘.jrool- 0f the sale,
An agenry aei! * ,he Etal'uKjMl m y be cre-by pa-
On a final hearing, the court below' being of opinion that Bowen was entitled to relief, pronounced a decree appointing commissioners, and ordering them to convey the lot, without making their conveyance depend upon the failure »f Talbot to execute a deed.
The main objection taken to the relief sought in the bill, involves the propriety of decreeing an execution of the contract, without evidence in writing, of the terms of Fea-iherston’s purchase from the son of Talbot.
As the contract was for the sale of land, there is no doubt but, according to the plain and obvious import of the statute against frauds and perjuries, that Talbot might have required written evidence of the terms of sale; but this we apprehend could have been done in no other way than by either denying of the sale, or pleading, or relying upon the statute, in his answer.
Upon a denial of the sale, as it 'would have devolved upon Bowen to have proven it, the evidence should, no doubt, to authorise a decree in his favor, conform to the requisitions of the statute; or upon the statute being either pleaded or relied on in the answer, then, as evidence of the sale should also be introduced, proof of its terms been reduced to writing, would, most clearly,.be essentially necessary to entitle Botven to relief.
But in the present case, as the purchase of Fealherston is admitted by the answer of Talbot, and as the statute is not relied upon by him, it cannot, either for the purpose of proving the sale, or taking it out of the statute, have been necessary for Bowen to introduce any evidence whatever in relation to the terms of sale. The failure, therefore, to manifest by writing the terms of Featherston’s purchase, affords no objection to the relief sought by Bowen.
But as the authority of Talbot’s son is expressly denied, it is also contended, that evidence of his authority should not only have been introduced, but it is moreover urged, that the a*thority should be shewn to have been in writing, That to make the sale obligatory upon Talbot, his son must have been clothed with power to sell, is a proposition to be controverted; but as respects the justice of the case, it cannot be material whether the authority was created either by writing or parol, and the statute against frauds *438 and perjuries has never been held to require it to be in writing.
Littell for plaintiff, Pope for defendant in error.
'''"be an agent, and his acts (other 'fp* u,'e*' wilt hind his principal.
«.,,⅛.1 point a missioner to out^ivin lt'a defendant” a day to do so.
And that the son was authorised either verbally or in writing to make the sale, from the circumstances detailed in evidence, there is no room for a mqment to doubt.
And if authorised, according to the settled doctrine of ^le '11S be>Dg an infant can afford no objection against the liability of Talbot; for although the contracts of infants are not, in all cases, binding upon them, there is no doubt but, as they may act as agents, their contracts, made ‘n ⅛3* character, if otherwise unexceptionable, will be binding upon their principal.
With respect to the inadequacy of the consideration, relied upon by Talbot, it need only be remarked, that the evidence conduces satisfactorily to prove that the full value of the lot, at the time of its sale, was given for it by Fea-therston.
Upon the whole, we are satisfied, that Bowen is entitled a specific execution oí t eatherston’s purchase; but we are of opinion that it was irregular to direct the commissioners to convey, without giving Talbot a previous day to d° so- For that irregularity, therefore, the decree must be reversed with cost, the cause remanded to the court below, and a decree there entered according to the principles of this opinion.