# Wells et al. v. Board of Drainage Commissioners of Muhlenberg County et al.

(Decided February 20, 1931.)

HUBERT MEREDITH for appellants.

BELCHER & BELCHER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second time this litigation has reached this court. It is a proceeding to establish a drainage district in Long Creek valley in Muhlenberg county, and the appellants are endeavoring to prevent its establishment. They appeared in the preliminary proceeding to establish the district and there sought to forestall its establishment by a showing, inter alia, that the probable cost of the proposed improvement and the burden which it would throw upon the property within the proposed district would be excessive, unreasonable, and greater than any benefit that would accrue to it by reason of the construction of the ditch. It was held in Wells v. West, 228 Ky. 737, 15 S. W. (2d) 531, that these questions could not be raised at that stage of the proceedings, but should be raised after the appraisers had made their report and by exceptions to that report when filed.

After the case had been thus decided in this court, appraisers were appointed as the statute requires, and in due course of time they filed their report to which the appellants filed numerous exceptions. By agreement, the exceptions of all the appellants were tried together as one case and by the court without the intervention of a jury, a jury trial being expressly waived. After hearing the proof, the trial court overruled the exceptions of the appellants and confirmed the report of the appraisers, and from that judgment this appeal is prosecuted.

The questions raised by the exceptions and those argued on this appeal are practically the same as those attempted to be raised in the first appeal and which we said were prematurely raised.

Long creek, as its name indicates, rises many miles away from where it empties into Pond river. For at least the last five miles of its length, it pursues a very winding course through a narrow valley flanked on either side by steep and precipitous hills. It is this last five miles that it is proposed to make into the drainage district. The amount of bottom land that will be drained by the proposed ditch is approximately 1,000 acres, while the watershed to be drained amounts to approximately 20,000 acres. Pond river, into which Long creek empties, has, like the creek, a very winding course and just below the mouth of Long creek makes a big bend away from Long Creek valley. Long creek empties into Pond river almost upstream. The proposed ditch closely parallels the creek to within a mile or so of its mouth and then veers away to empty into Pond river after the latter has completed the bend we have mentioned. This ditch for the last mile of its length has a fall of 6½ feet. On the adequacy of the proposed ditch to take care of the drainage, appellants' engineer testified one way and appellees' engineer the other way. In many respects they agreed, but neither of them put much faith or credit in the various formulae for calculating necessary capacity of ditches to carry off a given rainfall to be found in books on drainage. They both testified that the character of the soil upon which the rain falls, whether it is wooded or not, the pitch of the drainage area, the quality of the sides of the ditch involving friction ratios, the fall of the ditch, all vary so from project to project as to make formulae of but little worth, the engineer having to rely in large part upon his judgment and experience. In this last factor of experience, appellees' engineer had the edge on appellants' engineer. They differed as to the cost of the proposed ditch, but when analyzed the difference was due, not so much on unit cost, as it was to the different sized ditches they respectively thought needed to adequately drain this valley. It was conceded that water at times backed up Long creek from Pond river, and appellants contended that the ditch would throw the water upon their land at such times because of bringing the headwater down Long Creek valley much faster than Long creek would do the headwater being unable to run off because of the backwater from Pond river. But there was a direct conflict of evidence on this point, the appellees' testimony tending to show that

because of the ditch, the water in Long Creek valley would get out before the headwaters of Pond river had reached the mouth of Long creek and that because of the unusual fall in the last mile of the ditch, the waters of Long Creek valley would easily be carried out and down Pond river even though it was up due to rains. The lay witnesses who testified as to how much the lands of the appellants would be benefited, if at all, by the ditch, were about evenly divided. Those for the appellants indicated no increase of value or at least a smaller benefit than the burden of the expense of the construction of the ditch that would be cast upon the property. Some of these witnesses, however, based their testimony on the cost of a ditch much larger than that proposed by the appellees, their contention being that the ditch proposed by the appellees would not be adequate and a much larger ditch would be needed. Appellees' witnesses testified to a much greater benefit to the lands than the burden would be.

It is thus obvious that the questions presented are purely ones of fact and that we have here a conflict of evidence upon them. Whether we consider the exceptions filed as entitling the appellants to a jury trial or as presenting matters to be heard by the court under the statute, the result is the same. Appellants expressly waived a jury trial. If the issues raised were ones to be tried by the jury, the finding of fact by the court is equivalent to a finding of fact by a jury to be accepted by this court unless flagrantly against the evidence, which is not the case here. If the issue was one to be heard and determined by the court under the statute, then the evidence being conflicting and this court not being persuaded that the lower court erred in its finding of fact, such finding will be accepted by us. What we have said being true, the judgment of the lower court must be, and it is, affirmed.