# Roberts v. Allen et al.

(Decided June 3, 1932.)

E. C. HYDEN for appellant.

KASH C. WILLIAMS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

John M. Roberts was the sheriff of Breathitt county. S. J. Cockrell was one of his deputies. Roberts executed to Cockrell the following writing:

"$1,000. Due S. J. Cockrell, One Thousand Dollars on settlement as Deputy Sheriff for which I promise to pay within six months. Witness my hand, this October 8, 1921."

On May 6, 1922, a credit of $500 was placed on the writing. On January 2, 1931, Cockrell, by a written indorsement, assigned and transferred the writing to Grannis Bach and Williams and Allen, a firm composed of G. C. Allen and Kash C. Williams, all of them being lawyers at Jackson, Ky. They brought this suit on February 7, 1931, against J. M. Roberts and S. J. Cockrell to recover the balance due. Roberts filed answer, in which he pleaded in substance that the note was given for claims which Cockrell was to deliver to him; that he delivered only $500 worth of the claims for which he paid him, and that there was no consideration for the balance of the note; that he was sick at the time; that Cockrell

prepared the note, and that he signed it without noticing the form in which it was written. He denied that Cockrell had assigned the note to the plaintiffs, or that they had any interest in it. They alleged that Roberts had no property subject to execution, and that the collection of the claim would be endangered by the delay arising before judgment, and took out an attachment which was levied upon a fund in bank. He denied the grounds of attachment. On the trial of the case before a jury there was a verdict and judgment for the plaintiffs. Roberts appeals.

Cockrell had been sheriff of Breathitt county, and had had a great deal of litigation. Allen and Williams had represented him in some of this litigation, and he owed them about $800 on their fees. Grannis Bach had represented him in some cases, and he owed Bach a balance of about $400. As to how the assignment came to be made, Bach testified that Cockrell called him in Allen and Williams' office, and said he was not able to pay their fees at the time and wanted to transfer to them this note. He thereupon assigned it to them, and they took it. Bach adds: "I had been after him a good long while about getting my pay," and he also testified that Cockrell had no property subject to execution, and that they took the note to try to collect it and apply the proceeds on their debts.

Appellant urges these grounds for reversal: (1) The plaintiffs cannot maintain the action; (2) the facts disclosed are simply a case of maintenance; (3) the verdict is palpably against the evidence; (4) the evidence does not warrant the judgment sustaining the attachment.

1. Section 3720b-27, Kentucky Statutes, provides:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

The plaintiffs had a lien on the note to secure their debts. The note had been assigned to them, and they were therefore the proper persons to sue upon the note.

2. There was no question of maintenance in the case. The plaintiffs had admitted debts against Cockrell.

They wanted security for these debts. The note was turned over to them to secure them; the proceeds when collected to be credited thereon. A creditor has the right to secure the payment of his debt in this way.

3. The evidence was very conflicting, but, if the evidence of Cockrell was true, the note was given for the consideration named in it. On the other hand, if the evidence for Roberts was true, the note was given on another consideration. The credibility of the witnesses was for the jury. The verdict was not palpably against the evidence, if the evidence of Cockrell was true. The rule is well settled that this court will not disturb the verdict of a jury, unless it is palpably against the evidence.

4. S. J. Cockrell testified as follows:

"Q. Before this suit was brought did you know of any property John Roberts had in this county subject to execution? A. He didn't have any. I watched the bank here all the time; he kept his money in certified check, carried it around in his pocket, the bank records didn't show it. He had no property I could find. Him and his wife was lawing. He kept his property hid all the time. I watched for an opportunity to get hold of some money before I sued."

There was no contrary evidence. Appellant did not ask the court to hear further evidence on the question of the attachment. The above evidence was before the court, and, considered in the light of the other facts shown by the testimony, fully warranted the judgment of the court in sustaining the attachment. Section 259 of the Civil Code of Practice provides:

"An attachment obtained at the commencement of an action shall be sustained or discharged when judgment is rendered in action, unless, for sufficient cause, the court extend the time of deciding upon it."

No motion was made for further time or for the hearing of other evidence, and the case was before the court for final judgment.

Judgment affirmed.