## Taylor, for Use and Benefit of Laurel County, v. Broughton et al.

(Decided May 15, 1934.)

MARTIN T. KELLY for appellant.

CLAY & WALL, J. K. LEWIS and W. E. BEGLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

J. J. Taylor, as a citizen and taxpayer of Laurel county for and on behalf of himself and all other taxpayers therein and for the use and benefit of the county, instituted this action against William Broughton, jailer of Laurel county, and D. C. Edwards and Nat B. Sewell, sureties on his official bond, seeking to recover sums received by Broughton as such jailer alleged to be in excess of the maximum annual salary permitted by the Constitution (section 246). On final hearing the court dismissed plaintiff's petition and he is appealing.

It is made to appear in the record that on September 16, 1931, Taylor entered into a contract with the fiscal court of Laurel county by the terms of which he was employed to make an audit of the books and accounts of officers of the county and for his services in making such audit he was to receive a sum equal to 25 per cent. of any and all sums recovered from officers found indebted to the county; that he made an audit of the accounts of William Broughton who was the legally elected, qualified, and acting jailer of Laurel county for a term of four years beginning on the first Monday in January, 1926. It is alleged in the original and first

amended petition that Broughton received for each of the years of his term of office from the state, county, and the United States, fees and compensation as such jailer in sums largely in excess of $5,000, after deducting all necessary and legitimate expenditures; that on the filing and approval of the audit, the court made a demand upon appellee Broughton for the sums shown to be due the county, but that payment was refused and thereupon appellant demanded of the fiscal court and the county attorney that such steps be taken as might be necessary to enforce the collection of the sums shown to be due the county; that the court and the county attorney failed and refused to take any steps looking to the collection of such sums, and thereupon he instituted this action seeking to recover for the use and benefit of the county the sums due it as shown by the audit.

In January, 1932, and after the original petition was filed, appellee Broughton filed with the fiscal court an itemized statement showing his receipts and expenditures as jailer for each of the years of his term of office. This report shows that for the years, 1926, 1927, 1928, after deducting from the receipts the expenditures other than the compensation of jailer, less than $5,000 remained to be applied to his salary; but for the year 1929 the receipts exceeded the expenditures, including a salary of $5,000, by the sum of $1.40 which was paid to Laurel county. The fiscal court by order accepted and approved the report made by the jailer as true and correct and allowed him credit for all expenditures set forth therein.

By his answer, appellant Taylor traversed all the material allegations of the petition and in a second paragraph as a further defense set up and relied upon this settlement made with the fiscal court and alleged that the order of the fiscal court approving the settlement and allowing him credit for the expenditures set forth therein is in full force and effect and has never been superseded, modified, or appealed from. He further affirmatively alleged that during each of the years of his term of office, he, by and with the approval of the county, appointed a deputy jailer; that the deputy jailer in open court took the oath of office and entered upon the discharge of his duties and continuously acted as deputy jailer during the entire term at a salary of $100 per month which was paid to him by the jailer; and that he was therefore entitled to additional credit of $1,200

for each of the years, but that the fiscal court refused to allow him credit because by oversight the clerk of Laurel county failed to enter on the order books of the court the order showing the appointment, approval, and qualification of the deputy.

In the settlement filed with the fiscal court, appellee Broughton charged and was allowed 60 cents per day for dieting each prisoner. It is alleged in an amended petition that the cost of feeding the prisoners did not exceed 20 cents per day per prisoner and that any sum allowed in excess of 20 cents was illegal, improper, grossly excessive, and such allowance was made under a collusive and illegal agreement between the jailer and the fiscal court for the purpose of permitting him to retain sums to which he was not under the law entitled and to relieve him of payment of such sums legally due the county.

On the issues as made by a denial of the allegations of the petition as amended, evidence was heard with the result above indicated.

Some witnesses for appellant gave as their opinion that a reasonable allowance for dieting prisoners would be 20 cents per day. Jailers and assistant jailers from two or three other counties testified as to the cost of dieting prisoners. According to their evidence the cost of feeding prisoners as shown by their records was 20 cents per day or less. Appellee Broughton and his brother, who acted as deputy jailer, testified that they made an estimate of the cost of feeding prisoners during the year 1926 and that this estimate, as based upon expenditures for foodstuff, showed that it cost approximately 60 cents per day to diet each prisoner. Prisoners who were confined to jail during Broughton's term of office testified as to the variety, quantity, and quality of the food provided.

Question is made concerning the sufficiency of the petition as amended and as to the competency of some of the evidence, but the conclusion we have reached renders it unnecessary to determine these questions. The evidence discloses that the jailer did not make annual reports to or settlements with the fiscal court and it is urged by counsel for appellant that the statement made by Broughton and filed with the fiscal court showing his receipts and expenditures during his four years of office

was not sufficient in form or substance to meet the requirements of the statutes.

In the case of Holland, Jailer, v. Fayette County et al., 240 Ky. 37, 41 S. W. (2d) 651, it was held that under section 1840, Kentucky Statutes, and section 246 of the Kentucky Constitution the jailer must make a report to the fiscal court including all moneys coming to him by virtue of his office; that he was entitled to deduct from the total receipts all his legitimate expense in the conduct of his office and that the year and not the term of office is the unit for making such accounting, citing Gilliam v. Greene, 185 Ky. 238, 214 S. W. 889.

Section 1840 of the Statutes prescribes no form for the report or accounting of officers except that it be correct as to all receipts and disbursements of public funds.

Counsel for appellant rely on other sections of the statute in support of argument that the statement of the jailer's account filed with the fiscal court is not sufficient. Unquestionably, the court and the jailer were derelict in their duty, imposed by law, with respect to the accounting of the latter and may have rendered themselves liable to penalties for such dereliction, but we have found no authority and none has been pointed out to indicate that because of the failure to make annual reports and accounting as required by statute, the jailer would be precluded from making such accounting with the court for his entire term. A similar situation seems to have been presented in the case of Taylor v. Todd et al., 241 Ky. 605, 44 S. W. (2d) 606, where the jailer had kept no books and he and the fiscal court agreed upon a statement of accounts similar in form to the statement made by appellee Broughton. While nothing was said in that case with respect to the form of the statement of the account, it was apparently treated in this court as well as in the court below, as sufficient in form, although it was held that certain items of expenditure were not legitimate and should not have been allowed as credit to the jailer.

Counsel for appellee argue that the order of the fiscal court was not subject to collateral attack in an action of this nature, but that appellant's remedy, if any, was by appeal therefrom within the time and manner prescribed by law.

When we come to review authorities, we find cases

holding that the fiscal court acts ministerially in matters of this character. On the other hand there are a number of cases to the contrary and holding that such acts upon the part of the fiscal court are judicial in their nature. Actions by taxpayers to recover sums alleged to have been illegally paid to officials have been upheld by this court. Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; Holland, Jailer, v. Fayette County, supra; Taylor v. Todd, supra; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514, and authorities cited in those cases. And in the latter case it is said that courts look with favor upon such actions. However, we are not without confusion and conflict of cases respecting the proper remedy to be pursued by a taxpayer or other person desiring to challenge the action of a fiscal court in matters of this nature.

Be that as it may, we are saved the necessity of entering into a discussion of these cases or an attempt to reconcile or distinguish them since by the judgment of the lower court it has been found that appellant has failed to sustain his allegations of fraud or collusion and under the proof we would not be authorized to disturb that finding.

Appellant's motion to transfer this case to equity was overruled and there is nothing to indicate that the court erred in that ruling. The cause was submitted to the court without the intervention of a jury and in such circumstances the finding of the court is to be given the same effect as the verdict of a properly instructed jury. Proctor v. Ray, 194 Ky. 747, 240 S. W. 1063; Southern R. Co. v. Frankfort Distillery Co., 233 Ky. 771, 26 S. W. (2d) 1025; Wells v. Board of Drainage Commissioners, 237 Ky. 539, 35 S. W. (2d) 886.

It is only when the verdict of a jury is palpably and flagrantly against the weight of proven facts and circumstances that this court is authorized to disturb it on the ground of insufficient evidence. Roberts v. Allen, 244 Ky. 353, 50 S. W. (2d) 965; Bass v. Simon, 241 Ky. 666, 44 S. W. (2d) 587; Allender Co. v. Browning's Adm'x, 242 Ky. 273, 46 S. W. (2d) 116. And this rule must prevail even though the appellate court might have reached a different finding had it been its province to determine the issues of fact. Breslin v. Blair, 249 Ky. 178, 60 S. W. (2d) 337; S. L. Crook Corporation v. Blackburn, 248 Ky. 543, 59 S. W. (2d) 1.

A verdict supported by substantial testimony is not

flagrantly against the evidence, notwithstanding such testimony may be contradicted. Monohan v. Grayson County Supply Co., 245 Ky. 781, 54 S. W. (2d) 311.

Since there is evidence of substance and probative value to support the lower court's finding, it should not be disturbed.

Judgment affirmed.