## J. J. Taylor, for himself and all other taxpayers, for Use and Benefit of Laurel County, Appellant, v. G. W. Gaines et al., Appellees.

(Decided May 29, 1934.)

MARTIN T. KELLY for appellant.

CLAY & WALL, W. E. BEGLEY, C. R. LUKER, J. K. LEWIS, and RAY C. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

J. P. Taylor, as a citizen and taxpayer for himself and all other taxpayers of Laurel county, brought this action in the Laurel circuit court against G. W. Gaines, George R. Herron, and James B. Reams, to recover of Gaines, as jailer of Laurel county, the principal, and Herron and Reams, as the sureties on the official bond of Gaines, covering Gaines' term of office beginning the first Monday in January, 1930, and ending December 31, 1933, alleging that he had received the amount sought to be recovered in excess of the maximum, annual salary authorized by the Constitution (Const. sec. 246). Suing in the same capacity, Taylor instituted another action in the Laurel circuit court against William Broughton, jailer of Laurel county, D. C. Edwards, and Nat B. Sewell, the sureties on his official bond, to recover of them the amount received by Broughton as jailer in excess of the maximum, annual salary during his term of office, permitted by the Constitution. The two actions were tried separately and a judgment entered dismissing the petition in each case.

The pleadings, the issues, the evidence, and the

questions of law presented in the two cases are identical. On an appeal to this court in the action against Broughton and his sureties, the judgment of the circuit court was affirmed (J. J. Taylor et al. v. Broughton et al., 254 Ky. 265, 71 S. W. (2d) 634, decided May 15, 1934).

The arguments presented in the present case and the authorities cited to sustain the same were before us in the Broughton Case. It will·be of no benefit to the parties to this appeal again to review the pleadings, the issues, the evidence, and the law; therefore, on the authority of Taylor v. Broughton, supra, the judgment is affirmed.