## May et al. v. Ken-Rad Corporation, Inc.

June 23, 1939.

Geo. S. Wilson, Judge.

Bruce & Bullitt and Clements & Clements for appellant.

Sandidge & Sandidge and Wilbur K. Miller for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

George Oliver May and a number of others, as partners doing business under the firm name and style of Price Waterhouse & Company, brought this action to recover of the Ken-Rad Corporation the sum of $2,506.40 for an audit made in circumstances presently set out. Trial before the court without intervention of a jury resulted in a judgment for the defendant and the plaintiffs are appealing.

Briefly stated the facts are: Appellee made application to the National Recovery Administration, which is commonly known and hereinafter referred to as the N R A, for a wage differential under the Electrical Code promulgated by the N R A. Since 1922 appellee has been engaged in the manufacture of radio tubes in Owensboro and was the only manufacturer of radio tubes located in the South. Northern and eastern competitors of appellee including the Hygrade-Sylvania Corporation filed answers and protests against the

granting of the differential. It is unnecessary to go into detail concerning a hearing had on the application. It is sufficient to say that after evidence had been submitted representatives of N R A were sent to appellee's plant and to the plants of the Hygrade-Sylvania Corporation located at Salem, Massachusetts, and Emporium, Pennsylvania, to verify and possibly to augment the evidence by personal inspection and examination. After this was done the assistant deputy administrator advised representatives of appellee that figures and information obtained with respect to the relative costs of production at various plants did not justify the granting of a wage differential to it. Representatives of appellee, however, insisted that data furnished or obtained from its competitors was erroneous and subsequent conferences resulted in an agreement between the representatives of N R A and appellee to have an audit made of appellee and of the Hygrade-Sylvania Corporation, the lowest cost producer of radio tubes, by a firm of reputable accountants selected by representatives of the N R A, the cost of the audit to be borne by appellee. This agreement was later confirmed by letter from appellee to N R A which contained suggestions as to the nature and character of the audit which should be made. Appellants were selected by N R A to make the audit. The Hygrade-Sylvania Corporation consented to an audit of its books under an agreement with N R A that it would be confidential and open only to the inspection of representatives of N R A. While a representative of appellant was making the audit of appellee's plant he told representatives of appellee that the audit was confidential and would not be divulged to their competitors and requested that appellee write a letter to appellants confirming the agreement to pay for the audit which was done. After the audit had been completed and appellants had filed their report with N R A the application for differential was at first denied but later an order was entered granting appellee 12½ per cent wage differential. It is stated in brief for appellee that this latter action was brought about as a result of pressure brought to bear by a delegation from Owensboro and senators and Congressmen from Kentucky and apparently for political reasons but this statement is not altogether borne out by the record.

Appellee demanded that it be furnished a copy of or that it at least be permitted to inspect the audit but

this was denied by both N R A and appellants. It refused to pay and defended on the ground that the audit was not of the type and character it had authorized N R A to have made and that it did not agree to pay for an audit which it was not allowed to see and which was solely for the confidential consideration of N R A. The court's finding and judgment was in full accord with the contentions of appellee.

As grounds for reversal it is argued (1) that the court erred in holding N R A's refusal to reveal to appellee the result of the audit barred appellant's right to recover therefor; (2) that the audit was of the type, kind and character which appellee authorized N R A to have made; (3) that the court erred in refusing to consider appellant's evidence that the audit complied with all of N R A's instructions and (4) that the court erred in admitting incompetent evidence.

The record discloses beyond question or doubt that appellee made N R A its agent to select and employ a reputable firm of accountants to make the proposed audit and that it agreed to pay for same. There was no specific agreement as to the nature or character of the audit to be made nor did appellee's letter to N R A confirming the agreement specify the nature or character of audit which it expected or for which it would pay. It contained suggestions as to the character of audit that should be made. Representatives of appellee testified that they did not presume to dictate to N R A in that matter. Representatives of appellants testified that the audit covered everything suggested by appellee and the evidence of representatives of N R A indicates that the audit was satisfactory and furnished all information necessary or desired by it. There was no agreement that appellee would be furnished a copy of the audit and no suggestion in its letter that payment for the audit was conditioned upon its receiving a copy or having the privilege of inspecting it. The representative of appellants said enough to the representative of appellee while the audit was being made to bring notice to appellee that the audit would be kept confidential. Appellee gave N R A full authority to employ accountants to make the audit without any conditions, restrictions or reservations or anything more than mere suggestions. There was nothing in appellee's letter which was seen by representatives of appellant that would indicate that N R A was acting under specific instructions or limited powers.

A principal is bound by the contract of his agent within the scope of the latter's apparent authority although not authorized in expressed terms. Columbia Land & Mining Company v. Tinsley, 60 S. W. 10, 22 Ky. Law Rep. 1082; White Plains Coal Company v. Teague, 163 Ky. 110, 173 S. W. 360. It has been held that a principal is bound by the acts of the agent within the apparent scope of authority although the authority may be in fact limited, if one dealing with the agent is ignorant of limitations upon his authority. Hurst Home Insurance Company v. Ledford, 207 Ky. 212, 268 S. W. 1090. In the latter case it is further held that where one of two parties must suffer loss through acts of an agent the loss should fall upon the one who authorized the agent to act rather than the innocent third party unless the agent is acting beyond the scope of his apparent authority.

Appellee insists that N R A could not act as agent for anyone because the National Industrial Recovery Act was unconstitutional as was later held. In Talbot v. Bowen, 8 Ky. 436, 1 A. K. Marsh. 436, 10 Am. Dec. 747, it is held in effect that one under legal disability, whose contracts may not be binding upon him, may nevertheless as agent, by contract otherwise unexceptional, bind their principal. See also 21 R. C. L. 819, Section 4. Furthermore, appellee fully recognized the agency by its letter confirming the agreement to pay for the audit; and it has been held by this court that one cannot act through another and then insist that the other is not his agent. Roesener v. Burdette, 208 Ky. 137, 270 S. W. 731.

In common law actions where a jury is waived, the court's findings of fact are on appeal given the same effect as the verdict of a properly instructed jury and will not be disturbed unless flagrantly against the evidence. Proctor v. Ray, 194 Ky. 746, 240 S. W. 1063; Wells v. Board of Drainage Commissioners, 237 Ky. 539, 35 S. W. (2d) 886.

It is our conclusion that the findings of the court are not sufficiently supported by the evidence; that appellants were entitled to recover the sum sued for and the court erred in adjudging otherwise. What we have already said sufficiently covers grounds 1 and 2 argued by counsel for appellants and renders it unnecessary to discuss the other grounds.

Wherefore, the judgment is reversed for a new trial and proceedings consistent with this opinion.

Whole court sitting.