## Lindon v. Potter.

February 6, 1948.

S. M. Ward, Judge.

512

Fred K. Cope for appellant.

Wootton & Ward for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

By this action appellant, Elvin Lindon, sought to recover from appellee, Nancy Potter, the sum of $1,100 represented by a note she executed to him in that sum on May 11, 1946, payable in monthly installments of $100, and secured by a mortgage on a Dodge truck. Mrs. Potter admitted executing the note and mortgage but pleaded she was not indebted to Lindon in any sum; that the note and mortgage were executed without consideration, were obtained from her by fraud and are void.

Due to the crowded condition of the docket of the Perry Circuit Court, the parties by agreement took their proof by depositions and submitted both the law and the facts to the judge without a jury. The court found that each party had furnished one-half of the $1,100 which had gone into the truck and gave appellant judgment for $550, credited by $86 he found appellee had paid him on account.

In seeking to reverse the judgment appellant contends that under the pleadings he was entitled to recover the full amount for which he sued, or nothing. Appellee insists that there is ample proof to show that she and her husband, A. C. Potter, had purchased the truck jointly with appellant, as found by the court, and

as the case was submitted to the judge without the intervention of a jury, his finding of fact is entitled to the same weight as that of a properly instructed jury, therefore we should not disturb it.

Appellant's pleadings are in such a state of confusion it is difficult to determine just what relief he sought. His original petition averred he was the owner of a Dodge truck worth $1,100 which was wrongfully detained by appellee and it should be returned to him with $100 damages for its wrongful detention. By an amendment he pleaded that the grounds for an order of delivery set out in his original petition were erroneous; that he held Mrs. Potter's note for $1,100 secured by a mortgage on the truck, which was past due, but he did not claim title to the truck itself. In this amended petition he attempted to set up grounds for a specific attachment, but prayed for a general order of attachment and asked judgment against appellee for $1,100, but did not ask to be adjudged a lien on the truck by virtue of his mortgage or that the same be foreclosed.

It appears from the record that a specific order of attachment was issued and levied upon the truck but later appellee regained possession of it by executing a forthcoming bond. Through her answer and counterclaim, Mrs. Potter denied the averments of the petition as amended and affirmatively pleaded there was no consideration for the note and mortgage and that same were obtained from her through fraud and are invalid.

The proof showed that appellant was manufacturing a patent medicine in Cincinnati and dealing in secondhand cars and trucks in that city as a sideline. Appellee's husband, A. C. Potter, was interested with appellant in his automobile business. Appellant had some means with which he would buy wrecked and secondhand cars and trucks. Appellee would repair them, and the two would split the profit when the vehicles were sold.

Potter testified that he had saved some money with which he bought the Dodge truck in question, taking the title in his wife's name; that this truck had been wrecked and he bought it for $475. He put a new cab and fenders on it for $75; a hoist for $100; a generator for $25; a dump bed for $55; all of which he paid, to-

gether with the license which amounted to some $40. Potter admitted appellant paid $264 for tires for this truck, but testified that he had paid all of that sum to appellant but $11. However, Potter acknowledged that a $100 check of a lumber company endorsed by him to appellant proved to be worthless.

Mrs. Potter admitted executing the note and mortgage but testified that neither she nor her husband was indebted to appellant, who represented to her that it was to her advantage to sign these papers to protect her husband from prosecution by the Office of Price Administration for selling cars and trucks over the ceiling price. She signed the note and mortgage upon this representation without knowing what she was signing. Mrs. Ella Jane Byrge testified that a few days before appellant instituted this action he came to Mrs. Potter's home in Kentucky and said to Mrs. Potter in the presence of the witness, "the mortgage wasn't payable" and he took it only to protect Mr. Potter from the OPA.

Lindon's testimony was in direct contradiction with that given by Potter and his wife. Lindon testified that he paid $475 for the truck; $176.50 for the cab and fenders; $264 for tires; and $100 for the hoist. He admitted receiving $83 from Potter (which the court credited as $86) but says this sum had no connection with the truck. Lindon introduced Carl Markley, the Notary Public who took Mrs. Potter's acknowledgement to the mortgage, and Markley testified that he read over to her the mortgage and she understood what she was signing when she affixed her signature to the note and mortgage. Lindon was supported by William Guthrie, who testified to seeing him give Potter a $100 bill to pay for the hoist; also by Claude Booth, who testified to hearing Potter say that Lindon had a mortgage on the truck for $1,100.

The rule is that where a jury is waived and the law and facts are submitted to the court, his finding of fact on appeal is entitled to the same weight as the verdict of a properly instructed jury. Rose v. Reese, 290 Ky. 356, 160 S. W. 2d 614; Phillips Petroleum Co. v. Cunningham, 293 Ky. 514, 169 S. W. 2d 628. It is only where the verdict of a jury is flagrantly and palpably against the evidence that we are authorized to set it

aside on the ground of insufficient evidence. Bass v. Simon, 241 Ky. 666, 44 S. W. 2d 587; Roberts v. Allen, 244 Ky. 353, 50 S. W. 2d 965. It is manifest that the judgment here is not flagrantly against the evidence if the testimony of Mrs. Potter, her husband and Mrs. Byrge is true, and the credibility of these witnesses was a matter for the trial judge. As we are not authorized to set aside a verdict merely because the evidence is conflicting, likewise we may not set aside a finding of fact by a trial judge, where a jury is waived, because the evidence is conflicting.

We agree with appellant that under his pleadings and proof the court should have found Mrs. Potter was indebted to him in the sum of $1,100, or nothing. But Mrs. Potter is not contending that she owes appellant $1,100 or nothing. While her pleadings denied she was indebted to him in any sum, her proof is to the effect that her husband and appellant were jointly interested in repairing and selling trucks, the labor of her husband offsetting the money provided by appellant. It is admitted appellant's claim for tires put on the truck has never been satisfied. Mrs. Potter seems to be pleased with the judgment and prosecutes no cross-appeal. In the circumstances we cannot say that the trial judge erred when he divided the cost of the truck equally between the parties and gave appellant judgment for half of its value, $550, less a credit of $83 paid by appellee's husband.

For the reasons stated, the judgment is affirmed.