## Bristow v. Taul.

January 25, 1949.

Rehearing denied May 6, 1949.

Redwine & Redwine for appellant.

William C. Clay, Jr. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This action was brought by Mrs. Elizabeth Taul Bristow against her stepmother, Mrs. Elizabeth Taul, and involves the identity and ownership of a diamond ring. The law and the facts were submitted to the court, without the intervention of a jury, who found for defendant, and plaintiff appeals.

The petition avers plaintiff owns a one-half carat diamond ring which defendant had in her possession and was wrongfully withholding from plaintiff. Recovery of the ring was sought and if it could not be produced, plaintiff asked judgment for $400, the value of the ring. The answer was a general denial followed by a plea of the five year statute of limitation, KRS 413.120.

Plaintiff's deposition was taken as if upon cross-examination, wherein she testified that her mother gave her a diamond ring on August 26, 1938, which was about two weeks before her mother's death. The father of plaintiff married defendant on June 1, 1939, and on the 12th of October following, plaintiff married Arthur Bristow. In this deposition plaintiff further testified that her father on October 20, 1939, demanded from her the ring, also a watch, which had been her mother's, saying he would give them back to her. He later returned the watch to her but not the ring. Plaintiff saw the ring on her stepmother's hand the next week, and the latter wore it until the death of her husband, Mr. Taul, in 1945. Plaintiff never discussed with her father the return of the ring, nor did she ask her stepmother for it before this action was filed on July 31, 1946.

An agreed order was entered on May 24, 1947, wherein the first paragraph of the petition, which involved other personal property that does not here concern us, was dismissed settled, and the second paragraph which concerns the ring was submitted on the pleadings and plaintiff's deposition taken as if upon cross-examina-

tion. No action was taken by the court upon this submission and on August 16, 1947, defendant moved that it be set aside and she be allowed to take proof. In support of her motion defendant filed the affidavit of her son, Larry Sebastian, stating that the only ring his mother ever received from her husband, Mr. Taul, was known as the "Nora Hill ring," which "is together with this affidavit tendered into court."

The trial judge sustained defendant's motion, set aside the order of submission and ordered the case to be tried before him on both the law and the facts on September 13, 1947. However, the cause was not heard until the following October 4th, at which time plaintiff filed an amended petition increasing the value of the ring to $1000.

On the trial before the court the testimony introduced on behalf of plaintiff and of defendant was in direct conflict. Plaintiff testified that this "Nora Hill ring" tendered her by the defendant was not the ring given plaintiff by her mother in August 1938, which plaintiff loaned to her father in October 1939, and which defendant wore until Mr. Taul's death in 1945. Plaintiff's testimony was that the ring given her by her mother contained a three carat diamond with a different setting from the ring tendered her by defendant, and was worth from $800 to $1000; while the tendered ring contained a very small diamond and was worth only $50 to $75. Plaintiff was corroborated by her husband, by Louise Jones and Mrs. Mayme Wilson Cockrell.

Defendant testified that the ring she tendered plaintiff was the only one she ever received from her husband, except a band wedding ring, and that it and the band ring were the only rings she wore during her married life with Mr. Taul or after his death. She is corroborated by her son, a maid who worked in her home, her preacher, the wife of a retired minister and several other witnesses, one of whom, James Arthur Haydon, who formerly worked for Mr. Taul in collecting rents. Haydon identified the tendered ring as the one Mr. Taul had received from Nora Hill to secure his rent. He was able to identify the ring because it was broken in two at the bottom when obtained from Nora Hill and it was still in that condition on the day of the trial.

Defendant contends the rule to be that where a jury is waived and the law and facts are submitted to the court, on an appeal his finding of fact carries the same weight as the verdict of a properly instructed jury, citing Lindon v. Potter, 306 Ky. 511, 208 S.W.2d 515. This is a correct statement of the law. It is only where the verdict of a jury is flagrantly against the evidence that we can reverse it on the ground of insufficient evidence. Roberts v. Allen, 244 Ky. 353, 50 S.W.2d 965.

It is patent here that the judgment is not flagrantly against the evidence and that there was sufficient testimony on either side to support a judgment. The credibility of the witnesses and the weight to be given their testimony was a matter for the trial judge and we are not authorized to set aside a judgment on account of the evidence being conflicting. We rather imagine that the plaintiff in testifying that her mother's ring contained a three carat diamond while her petition described it as a one-half carat diamond did not add weight in the mind of the trial judge to her testimony. Defendant might have strengthened her case with the trial judge when she testified a small diamond ring, known as the Nora Hill ring, was given her by Mr. Taul, but she was willing to surrender it to the plaintiff because she, defendant, was in a nervous condition and in ill health. However that may be, we are not disposed to upset the judgment of the trial judge.

Plaintiff vigorously complains that the court erred in setting aside the first order of submission and in allowing defendant the opportunity to produce her evidence. No action had been taken by the court upon the first order of submission and it was clearly not an abuse of discretion upon his part to set it aside, hear all the proof and dispose of the case on its merits.

Defendant is in error when she insists that KRS 413.120 (the five year statute of limitation) bars plaintiff's action. Plaintiff's theory was that her father, also her step-mother, was a gratuitous bailee of the ring and had permissive possession of it without limitation of time. Therefore, the statute did not begin to run until she made demand for the return of the ring and it was refused, or some other action upon the part of the bailee of which the bailor had notice, which was hostile

to or inconsistent with the bailment. See Slack v. Bryan, 299 Ky. 132, 184 S.W.2d 873, where the question is thoroughly discussed.

For the reasons given, the judgment is affirmed.