## McHargue v. Conrad et al.

March 7, 1950.

R. J. Colbert, Judge.

Eldon S. Dummit and John G. Atchison for appellant.

Troy D. Savage for appellee.

CHIEF JUSTICE SIMS—Reversing.

The plaintiffs Emmet and Arnold Conrad, doing business as Conrad Bros., instituted this action against J. S. McHargue to recover $1940.25 for the breach of a contract whereby they rented defendant's farm in Fayette County for the calendar year 1947. Defendant's answer denied he had breached the contract, and by way of counter-claim he sought to recover from plaintiffs $4438 for their breach of the contract. A jury was waived and the case was tried before Hon. Richard J. Colbert, Special Judge. After hearing the evidence, Judge Colbert in an exhaustive opinion passed on each of the various issues and rendered judgment in favor of the plaintiffs for a balance of $736.12, and defendant appeals.

In his motion for a new trial defendant questions only three of the findings against him by the trial judge: 1. the item of $541.37 for one-half of the net proceeds of the wheat and barley crops; 2. the item of $225 for one-half of the third cutting of alfalfa; 3. the item of $112.50 for one-half of the stubblefield hay.

There were many issues of fact raised by the pleadings and much proof was heard on the numerous items in dispute between the parties. However, it is the rule that where the facts are submitted to the court without the intervention of the jury, his findings thereon are entitled to the same weight as the verdict of a properly instructed jury, and we will not disturb them unless they are flagrantly against the evidence. Wells v. Board of Drainage Com'rs of Muhlenberg County, 237 Ky. 539, 35 S. W. 2d 886; May v. Ken-Rad Corp., 279 Ky. 601, 131 S. W. 2d 490; Bristow v. Taul, 310 Ky. 82, 219 S. W. 2d 641.

There was a conflict in the testimony as to whether defendant owes plaintiffs $112.25 for services they performed for him under a separate contract, therefore we are not at liberty to disturb the finding of the judge that defendant owed plaintiffs that sum. Likewise, there was a conflict in the evidence on the following items defendant claimed plaintiffs owed him but which the court found they were not indebted to defendant and we will not disturb those findings. These items are: $75 for failure of plaintiffs to bale the second crop of alfalfa; $135 for plaintiffs' failure to cut weeds on certain lands and to cut hay on hog lot; $250 damages done by plaintiffs to defendant's mower. Also, the testimony is conflicting as to plaintiffs' failure to deliver defendant his full one-half of the corn crop and we cannot disturb the judge's finding in favor of plaintiffs on this item.

The largest item with which we are concerned is whether plaintiffs are entitled to one-half of the wheat and barley, and the straw therefrom, harvested on the land in 1947. The judge found the net proceeds from this item was $1082.75 and that one-half of this sum, $541.37, was due plaintiffs. The contract provided for the renting of "such areas of the land as will be available for producing crops, * * * (and the tenants) agree to prepare the soil properly, plant, cultivate the crops, including tobacco, corn, wheat, barley, hay and pasture with care and in an adequate and satisfactory manner and divide the respective yields equally at the time of harvest."

This contract was executed on Feb. 1, 1947, but plaintiffs did not move on the farm and start work thereunder until Feb. 24th. Defendant had sown the wheat and barley in the fall of 1946 at his own expense and plaintiffs had nothing to do therewith. In the summer of 1947 defendant had this grain harvested and the straw therefrom baled at his own expense. The only part plaintiffs took in the operation was sacking the grain and hauling it and the straw from the field. For this work defendant paid them $4 per day.

The judge erroneously construed the contract as giving the plaintiffs one-half interest in the grain and straw, saying: "* * * Since all of the cover crops were sown in the fall of 1946, the contract would be meaning-

less as to the items mentioned if it did not include the wheat, barley and hay then growing on the land. * * * It would have been impossible for the plaintiffs to harvest any wheat or barley during the term of the contract if such crops had to be planted after the date of the contract.'' The answer to that line of reasoning is that the parties entered into a farming contract in February 1947 for the calendar year and could not have contemplated raising wheat and barley for that particular year, since these grains in this State are always planted in the fall to be harvested the next summer. Plaintiffs had nothing to do with the pitching of these grain crops and it is not reasonable to believe the parties contemplated plaintiffs should have one-half of the net proceeds thereof. Especially is this true in view of the fact that defendant paid them $4 per day for the time they spent in assisting in harvesting the grain and straw by hauling same from the field.

The rule is that in construing a contract, courts will look to the intention of the parties and will consider the subject matter of the contract, the objects to be accomplished, the situation of the parties and the conditions and circumstances surrounding them. Meacham v. Louisville & N. R. Co., 293 Ky. 642, 169 S. W. 2d 830, and authorities therein cited. Applying this rule, it is clear that it was never the intention of the parties that plaintiffs would share in the grain crops, including the straw therefrom, which had been sown at defendant's expense five months before he entered into the rental contract with plaintiffs. The court erred in adjudging that plaintiffs were entitled to recover of defendant $541.37 on the grain and straw, and that part of his judgment is reversed.

Since the testimony was conflicting relative to whether plaintiffs were deprived of harvesting the alfalfa and stubblefield hay, we will not interfere with the court's finding that plaintiffs are entitled to recover one-half of 15 tons of alfalfa and one-half of 11¼ tons of stubblefield hay. However, the court erred in allowing plaintiffs to recover $30 a ton for the alfalfa and $20 a ton for the stubblefield hay without deducting therefrom what would have been the reasonable cost to plaintiffs in harvesting and baling same. Commonwealth v. Masden, 295 Ky. 861, 175 S. W. 2d 1004, 169 A. L. R. 101. The proof shows that the reasonable cost of har-

438

vesting and baling this hay averaged $8 per ton. Therefore, plaintiffs should have been allowed $22 per ton for their half of the alfalfa and $12 per ton for this half of the stubblefield hay. Their half of these crops is $232.50 instead of $337.50 which the court allowed them. The judgment is reversed as to this item.

The court further erred in adjudging that defendant should recover from plaintiffs $228 for one-half the corn fodder plaintiffs failed to cut and shock, since the contract did not provide plaintiffs were to cut and shock the corn. However, plaintiffs do not complain of this part of the judgment nor do they prosecute a cross-appeal, and we are unable to correct this error of the court on this appeal.

The judgment is reversed with directions that the court enter one in conformity with this opinion.