## LASSITER AUTO SALES v. NANCE BROS.

Court of Appeals of Kentucky.

Feb. 1, 1952.

Waylon F. Rayburn, Murray, for appellant.

Wells Overbey, Murray, for appellees.

COMBS, Justice

Appellant bought a used Chevrolet automobile in Detroit, Michigan, on January 22, 1948. The car was brought to its place of business at Murray, Kentucky, and, on January 26, 1948, was sold to appellees. Appellant warranted title to the car by bill of sale, in the form in general use in Kentucky. Appellees sold the car to Phil Schwartz Motor Sales, Little Rock, Arkan-

sas. Later in the year of 1948 the General Finance Corporation sought to enforce against the vendee of Phil Schwartz Motor Sales a conditional sales contract executed in Michigan on January 28, 1948, by one Nathan Verlin, who claimed to be owner of the vehicle at that time. In order to prevent repossession and sale of the automobile, Phil Schwartz Motor Sales satisfied the lien and made demand on appellees for reimbursement. Appellees paid to Phil Schwartz Motor Sales $1310.39, the amount of the lien, and made demand on appellant for reimbursement. Appellant denied liability and this suit was filed.

The case was tried by the judge without the assistance of a jury, and judgment was rendered for appellees in the amount of $1310.39. Appellant contends the judgment is flagrantly against the evidence and is contrary to law.

■ According to the law of Michigan, which, of course, governs the transactions which occurred in that State, the only method by which ownership of an automobile may be transferred from one individual to another is by endorsement and transfer of a certificate of title. Michigan Statutes Annotated, section 9.1474, Comp.Laws 1948, § 256.103. Appellant contends it obtained a certificate of title from its vendor in Detroit, and delivered same to appellees at the time of delivery of the automobile. Appellees deny they received any certificate of title. The case hinges on determination of this one fact.

■ The trial judge found for appellees and we think the evidence sustains his finding. Frank Nance, who handled the transaction for appellees, testified positively that no certificate of title was delivered, and appellant introduced no witness who was in position to testify positively that the certificate was delivered. Although Parvin Lassiter, one of the owners of the appellant Company, testified that a certificate of title to the car was obtained at the time it was purchased in Detroit, appellant's bookkeeper, who prepared the bill of sale to appellees, was unable to state that a certificate of title was delivered to them. Furthermore, photostatic copies of records of the office of Secretary of the State of Michigan, introduced by appellees as exhibits, sustain their contention. These exhibits, which purport to be an abstract of title of the automobile, contain no reference to appellant in the chain of title. It should be pointed out that there is no evidence of wrongdoing on the part of appellant. The only question is which of two innocent parties must bear the loss occasioned by failure of appellees to obtain legal title to the automobile which they purchased from appellant.

■ In view of the fact the case was heard by the trial judge without the intervention of a jury, his findings of facts are entitled to the same weight as the verdict of a properly instructed jury, and this Court is not authorized to disturb his findings unless they are flagrantly against the weight of the evidence. McHargue v. Conrad, 312 Ky. 434, 227 S.W.2d 977. As heretofore stated, we think the evidence amply sustains the Judge's finding.

■ Appellant also argues that appellees acted as a volunteer in reimbursing Phil Schwartz Motor Sales in that there was no judgment of court directing payment; that appellees are thereby precluded from maintaining this action. There is no merit in this contention. The lien was paid in order to prevent repossession and sale of the automobile by the finance company. The Phil Schwartz Motor Sales could have recovered the amount of its loss in an action against appellees for breach of warranty of title. By the same token appellees are entitled to a recovery against appellant.

The judgment is affirmed.