## ADKINS et al. v. MEADE.

Court of Appeals of Kentucky.

Feb. 29, 1952.

Wheeler & Wheeler, Paintsville, for appellants.

W. A. Johnson, Paintsville, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment awarding appellee $987. The suit stems from an oral contract between the parties, whereby appellee agreed to build a house for appellants for $6,000. As construction progressed, appellants made payments to appellee aggregating approximately $5,000. Prior to the final completion of the house, a disagreement arose, appellants claiming that appellee had failed to construct it according to the terms of their agreement. Appellants refused to pay the balance of the construction price.

There were many issues made by the pleadings and much proof was heard regarding the contentions of the parties as to the terms of the agreement and on the numerous items placed in dispute.

Appellants testified that the size of the house as erected is 28' x 30' when the agreement provided for it to be 30' x 32'; that there were a number of palpable and serious defects and faults in the building; that the sewer line had not been completed and the bathroom walls were not tiled. Their evidence is supported by a neighbor who claims to have been present when the agreement was made. Also, by a building contractor and a carpenter who inspected the building. These witnesses testified that in order to remodel the house to conform with appellants' specifications, the present building would have to be reconstructed at a cost of approximately $3,320. Appellee testified that the house was constructed according to the agreement and that appellants had been present on numerous occasions while the house was under construction and did not object to the manner in which it was being built. Other evidence tends to support appellee's contentions. On this conflicting evidence the court found in favor of appellee.

This Court has adopted the rule, which we now adhere to, that where the facts are submitted to the court without the intervention of a jury, its findings thereon are entitled to the same weight as the verdict of a properly instructed jury and we will not disturb them unless they are flagrantly against the evidence. McHargue v. Conrad et al., 312 Ky. 434, 227 S.W.2d 977; Lindon v. Potter, 306 Ky. 511, 208 S.W. 2d 515; Choate v. Farrar Lumber Co., 189 Ky. 271, 224 S.W. 1045. While it may be said that the evidence in this case preponderates in favor of appellants, the credibility of the witnesses was a matter for the trial court and its findings are not flagrantly against the evidence.

Judgment affirmed.